James Martin DINEEN

v.

Francis P. DAUGHAN.

Supreme Judicial Court of Maine.

Jan. 17, 1978.

Doyle & Fuller by Jon R. Doyle (orally), Craig H. Nelson, Augusta, for plaintiff.

William S. Brodrick, South Berwick (orally), for defendant.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

POMEROY, JUSTICE.

Both the appellant and appellee are attorneys who represented opposing parties in a prior judicial proceeding. Statements concerning the conduct of the appellant were made by the appellee in a motion filed in such proceeding. It is these statements which appellant Dineen considers libelous. This action was initiated to vindicate such claim.

The Superior Court found that the statements were made as part of a judicial proceeding and were relevant to said proceeding. That court concluded that the appellee's action was "*absolutely privileged and not actionable.*" Accordingly, the court granted appellee's motion to dismiss. It is from this decision that the appellant filed this timely appeal.

We deny the appeal.

The focal point of this controversy is statements made by the appellee in a motion for the return of improperly attached goods in the prior lawsuit. As grounds for his motion the appellee-attorney cited specific behavior by the appellant-attorney which, if true, would seriously call into question the propriety of the appellant-attorney's conduct.[1]

■ Both parties correctly recognize that allegations made in pleadings are absolutely privileged. This proposition is well established in the law of other jurisdictions. *Eg. Sriberg v. Raymond,* Mass., 345 N.E.2d 882 (1976) and authorities therein cited; W. Prosser, Law of Torts, § 114 at 778 (4th ed. 1971). This is our first opportunity to note that it is likewise the law within the State of Maine.

■ Maine has recognized the existence of a similar privilege for witnesses since 1851. *Barnes v. McCrate,* 32 Me. 442 (1851). The court has recognized that "*public policy requires that witnesses shall not be restrained by the fear of being vexed by actions at the instance of those who are dissatisfied with their testimony . . .*" *Garing v. Fraser,* 76 Me. 37, 42 (1884). This policy has been reaffirmed as recently as 1956. *Dunbar v. Greenlaw,* 152 Me. 270, 128 A.2d 218 (1956).

■ It is a similar public policy that mandates the recognition of such a privilege to attorneys during the course of a judicial proceeding. Just as a witness needs the freedom to be able to answer questions posed, free of any concern except the truth as he believes it to be, an attorney

---

1. Appellee made the following allegations in his motion:

"Counsel for the Plaintiff threatened Mrs. Share that if she failed to give him the money he would call the Sheriff. Counsel for the Plaintiff further announced to Mrs. Share that $800.00 of this amount was going for his counsel fee for services rendered the Plaintiff and $400.00 would be applied toward the alleged debt the Defendant owes the Plaintiff. He further ordered that Mrs. Share was to pay him $97.00 a week until the last week in July of 1974 in payment of this alleged debt. Counsel for the Plaintiff took it upon himself to make these demands knowing full well that neither a judgment had been awarded the Plaintiff nor an Execution issued running in favor of the Plaintiff. Counsel for Plaintiff never advised Mrs. Share from whence he derived his authority for making these demands."

must be free to assert relevant statements to pursue fully the interests of his client.

 For the privilege to function as intended, the statements it protects must be relevant to the judicial proceeding. The purpose of the privilege is to allow the attorney to litigate strenuously the interests of his client. To fulfill this purpose the privilege need only be broad enough to encompass statements relevant to those interests. To extend the protection beyond this point would be to abuse the public policy which acts as the underpinnings of the privilege.

 We arrive now at the sole issue of this appeal. Appellant asserts that the appellee's statements were not relevant. An examination of the context in which they were made refutes this assertion.

The appellee had filed a motion for the return of improperly attached goods. The appellee was not challenging the validity of the attachment itself, but rather was attacking the method by which the attachment was executed. To support his attack, he asserted certain *"facts"* which he alleged indicated the method and the person who took possession of the property in question. He argued that neither the person nor the method used to accomplish possession was proper and therefore the property should be returned.

The suit in which that the motion to attach arose was premised on an alleged debt owing from the defendant to the plaintiff. It is true that the motion in question is not directed to that particular issue. The relevancy of the statements required by the privilege need not be so narrowly construed.

While the motion did not speak directly to the underlying alleged debt, the need for such a motion was the direct result of proceedings related to the existing cause of action. There is obviously a sufficient nexus between the motion and the basis of the suit.

Similarly, an examination of the motion indicates that the statements were relevant to it. The motion challenged the method by which the property was taken into posses-sion. It was incumbent upon appellee to assert sufficient facts so as to describe the method of possession to enable the court to make its determination. It is the statements describing the method of possession which appellant deems irrelevant.

We disagree.

The Superior Court was correct when it decided that the statements were relevant to the pending judicial proceeding and, therefore, protected by the privilege.

For these reasons the entry must be:

Appeal denied.

DELAHANTY, J., sat at argument and conference, but did not otherwise participate.

DUFRESNE, A. R. J., sat at oral argument as Chief Justice, but retired prior to the preparation of the opinion. He has joined the opinion as Active Retired Justice.