**VAHLSING CHRISTINA CORPORATION et al.**

v.

**Alice Vahlsing STANLEY.**

Supreme Judicial Court of Maine.

Argued Sept. 20, 1984.

Decided Feb. 5, 1985.

Bruce S. Billings (orally), Limestone, for plaintiffs.

Stevens, Engels, Bishop & Sprague by Richard C. Engels (orally), Jonathan Sprague, Presque Isle, for defendant.

Before McKUSICK, C.J., and ROBERTS, VIOLETTE and GLASSMAN, JJ.

GLASSMAN, Justice.

Vahlsing Christina Corporation and its president, Frederick H. Vahlsing, Jr., appeal from a judgment of the Superior Court, Aroostook County, dismissing the plaintiffs' complaint. We vacate the judgment and remand for further proceedings.

### I.

The plaintiffs initiated this action in July 1983, asserting that the defendant, Alice Vahlsing Stanley, had distributed and disseminated in Texas, New Jersey, and Maine false statements originally published in a complaint filed in a New Jersey probate court. The plaintiffs contend that the defendant thereby defamed the corporation and its president, damaging their reputations. The defendant moved to dismiss the complaint on two grounds: the failure of the pleading to state a claim upon which relief could be granted by its lack of specificity in alleging the publication, and the

absolute privilege of statements contained in pleadings against charges of defamation.

Both parties filed affidavits. The court dismissed the complaint.[1] The plaintiffs then filed a motion for findings of fact and conclusions of law, alleging the need to know on which of the two grounds the dismissal was based, and on what affidavits and exhibits the court relied in granting the motion. Without hearing, the court entered the following order: "Since the judgment was not based on facts beyond the documents on file with the clerk—the facts are undisputed. Therefore, this motion is inappropriate and is denied."

Assuming the court did not exclude the affidavits and considered them in ruling on the motion to dismiss, we find the resulting summary judgment erroneous and vacate it accordingly. Even if the court did not consider the matters outside the plaintiffs' complaint, we similarly find the dismissal erroneous.

## II.

■ Rule 12(b) of the Maine Rules of Civil Procedure provides in pertinent part:

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56...

The court's denomination of the disposition does not control; the challenge to the sufficiency of the complaint supported by material outside the pleading triggers the conversion. 5 C. Wright & A. Miller, *Federal Practice & Procedure* § 1366 at 676 (1969).

Rule 56 provides for summary judgment when it appears that there is "no genuine issue as to any material fact and that any party is entitled to judgment as a matter of

law." M.R.Civ.P. 56(c).[2] The defendant states in her affidavit that the only publication in Maine of the statements mentioned in the plaintiffs' complaint was in an affidavit submitted in an unrelated suit in the Superior Court in Aroostook County. The defendant therefore claims the Maine publication was absolutely privileged. The defendant made no such assertion, however, in answer to the plaintiffs' allegation of dissemination and distribution of the defamation in Texas. Nor did the defendant completely refute the possibility of publication in New Jersey outside the scope of the probate proceedings.

■ We accept as true the uncontroverted facts that properly appear in the record. 2 Field, McKusick & Wroth, *Maine Civil Practice* § 56.4 at 357 (2d ed. Supp.1981). By her failure to meet the allegations of the plaintiffs' complaint, the defendant left material issues of fact unresolved. The existence of these issues precludes the court's determination that the defendant was entitled to a judgment as a matter of law.

■ Furthermore, the defendant did not comply with the requirement that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." M.R.Civ.P. 56(e); *see* 10A C. Wright, A. Miller and M. Kane, *Federal Practice & Procedure*, § 2722 at 56–60 (1983). Although she attached certified copies of the New Jersey pleadings to her affidavit as exhibits, the defendant failed to append the affidavit filed in the Superior Court proceeding in Aroostook County.

## III.

We now examine the disposition as a Rule 12(b)(6) dismissal unconverted by the court's acceptance of matters outside the

---

**1.** The court's order states: "Hearing. Briefs and arguments having been considered, the motion is granted. Complaint dismissed." The record *before us* indicates this hearing was not reported.

**2.** We assume, without deciding, that the parties were afforded adequate notice of the conversion of the Rule 12(b)(6) motion to one for summary judgment.

pleadings. We conclude that the court erroneously dismissed the complaint.

■ The plaintiff's failure to specifically allege the date, month, and year of the publication of the alleged defamatory material is not necessarily fatal. M.R. Civ.P. 8(a); *see Rubin v. Josephson*, 478 A.2d 665, 669 n. 4 (Me.1984). In modern pleading practice, the purpose of the complaint is to provide the defendant with fair notice of the claim against him. *E.N. Nason, Inc. v. Land-Ho Development Corporation*, 403 A.2d 1173, 1177 (Me.1979); 1 Field, McKusick & Wroth, *Maine Civil Practice* § 12.11 at 249 (2d ed. 1970). A motion to dismiss a complaint for failure to state a claim should not be granted if the pleading alleges facts which would entitle the plaintiff to relief upon some theory, or if it avers every essential element of a claim. *Stanley v. Schiavi Mobile Homes, Inc.*, 462 A.2d 1144, 1147 (Me.1983).

■ When assessing a Rule 12(b)(6) motion to dismiss, all well-pleaded material allegations are taken as admitted and construed in the light most favorable to the plaintiff. *Id.* at 1146–47. The motion challenges the legal sufficiency of the complaint. *Haskell v. Phinney*, 460 A.2d 1354, 1359 (Me.1983); 1 Field, McKusick & Wroth, § 12.11 at 248. Applying these principles to the allegations in the plaintiffs' complaint, the plaintiffs have adequately alleged the necessary elements of defamation, *see Cohen v. Bowdoin*, 288 A.2d 106, 111 (Me.1972), and sufficiently apprised the defendant of the nature of the claim against her.

■ The defendant also moved for Rule 12(b)(6) dismissal on the basis of the absolute privilege of allegations made in pleadings in a judicial proceeding. We first declared this principle to be the law in Maine in *Dineen v. Daughan*, 381 A.2d 663, 664 (Me.1978). The plaintiff's complaint alleges use of the statements beyond the New Jersey proceedings, however, averring the defendant distributed and disseminated the statements in Texas, New Jersey, and Maine. The privilege may well have been lost by unnecessary or unreasonable publication beyond the scope of the privileged circumstances. *See Sullivan v. Birmingham*, 11 Mass.App. 359, 362, 365–66, 416 N.E.2d 528, 530, 532 (1981). *See generally* 1 F. Harper & F. James, *The Law of Torts* 455 (1956).

The entry is:

Judgment of dismissal vacated; remanded to Superior Court for further proceedings consistent with the opinion herein.

All concurring.