STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL DOCKET NO. CV-99-493

REC-CUM-1/11/2000

KATHI SMITH,
        Plaintiff,      )

v.

IDEXX LABORATORIES, INC.,
and
IDEXX DISTRIBUTION CORP.,
        Defendants.

DECISION AND ORDER

## FACTUAL BACKGROUND

Plaintiff Kathi Smith ("Smith") was employed by Defendants Idexx ("Idexx") from May 1997 to December 31, 1998. During the evening of October 4, 1998, Smith was missing some forms that she needed the next day for a training seminar. Plaintiff's Statement of Material Facts ("PSMF") ¶4; Amended Complaint, ¶31. She went to work to look for them. Id. While searching, she discovered a file with her name on it, opened it, and found some disturbing notes about her written by a Caroline Bickford. PSMF ¶5. The file was not in a locked cabinet nor marked "confidential." PSMF ¶4. Smith told her supervisor and one other co-worker about the discovery. PSMF ¶6. Smith was upset at the access any employee could have had to the file, and later found out that her performance review was available on Idexx's "R drive." PSMF ¶ 7-8.

While Smith was at Idexx, she was alleged to be involved as a perpetrator of harassment, and Idexx investigated that complaint. Idexx never told Smith who filed the complaint. PSMF ¶14. Smith was not disciplined after Idexx's investigation, because it exonerated her. Defendants' Statement of Material Facts

("DSMF") ¶11. However, Plaintiff asserts that Idexx informed her that if another complaint were filed against her, Smith would be terminated. PSMF ¶13. Shortly after Smith left Idexx's employment, Conan Deady ("Deady"), general counsel at Idexx, was informed that while the investigation was pending against her, Smith had broken into the files of her supervisor and that she had not been disciplined for doing so. DSMF ¶5.

In December of 1998, Idexx decided to shut down the division in which Smith worked, and offered all employees a severance package in exchange for releasing all claims. DSMF ¶6, PSMF ¶9. Smith did not take the package, but rather hired attorney Beth George ("George") to write a demand letter threatening legal claims against Idexx, including violation of whistleblower laws, intentional infliction of emotional distress and sexual harassment. Id.

Deady responded to this threatened litigation by writing back to George, and copied the letter to Donalee Santoro and Mason Pratt, Idexx's Manager of Employee Relations and outside counsel, respectively. DSMF ¶¶9-10. The last sentence of the letter states "you may wish to know that Ms. Smith broke into the files of her supervisor in an attempt to identify her accuser, a matter for which she was not disciplined[1]." DSMF ¶9. "Her accuser" is a reference to the co-worker that made the

---

[1] This statement by Deady is the only one in her original complaint (August 25, 1999) that plaintiff alleged to be defamatory. Defendants submitted their Motion for Summary Judgment on October 14, 1999. Subsequently, Plaintiff filed an Amended Complaint on October 28, 1999, which alleges further defamatory statements.

Plaintiff alleged that Defendants refused to answer two document requests regarding the Deady statement, namely numbers 26 and 29. Request #26 seeks any document providing a basis for the Deady statement. See Attachment "A" to Plaintiff's Opposition Brief. This request is not relevant to Plaintiff's defamation claim based upon the Deady statement, because Defendants have not claimed

2

harassment complaint. DSMF ¶2-4.

Smith then filed a complaint in this Court alleging failure to pay wages (Count I), violation of the minimum wage laws (Count II), and defamation (Count III). Idexx moved for summary judgment on Count III.

## DISCUSSION

The Law Court recognizes an absolute privilege for statements made during the course of a judicial proceeding. See Dineen v. Daughan, 381 A.2d 663, 664-65 (Me. 1978); Restatement (Second) of Torts §§ 586[2], 587 (1977). The privilege's potential to become a license to defame is tempered by its limitations. The statements must be relevant or pertinent to the proceedings. See Dineen, 381 A.2d at 665. Additionally, the privilege can be lost by "unnecessary or unreasonable

---

truth as a defense. Request #29 seeks any documents from Deady communicating that Smith broke into the files of her supervisor to discover the identity of her accuser. See Attachment "A" to Plaintiff's Opposition Brief. Defendants responded that there are no documents, other than the Deady letter itself, that are responsive to Requests 27-29. See Attachment "A" to Defendants' Reply Brief.

Plaintiff's attorney filed a motion, pursuant to M.R. Civ.P. 56(f), requesting that the court allow her to pursue further avenues of discovery on the newly alleged statements. At the hearing on this motion, it became clear that the additional discovery sought does not address her defamation claim based on the Deady statement. See Attachment A to Defendants' Reply Brief.

As to additional statements alleged in her Amended Complaint, however, the plaintiff should be allowed to conduct the requested discovery. Accordingly, this motion addresses only the statement alleged in the original complaint (Deady's statement in response to the George letter). Once discovery is completed, Defendants are not precluded by this Order from seeking summary judgment as to the additional statements in the Amended Complaint.

[2] Section 586 of the Restatement (Second) of Torts states:

An attorney at law is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding.

publication beyond the scope of the privileged circumstances." <u>Vahlsing Christina Corp. v. Stanley</u>, 487 A.2d 264, 267 (Me. 1985).

The Restatement's version of the absolute privilege includes statements made "preliminary to a proposed judicial proceeding." <u>See</u> §586. While the Law Court has explicitly recognized statements made during a judicial proceeding to be privileged, it has not had occasion to recognize a privilege for statements made prior to the instituting of a judicial proceeding. However, the Law Court has generally recognized the privileges in the Restatement §§582-598A. <u>See</u> <u>Saunders v. VanPelt</u>, 497 A.2d 1121, 1125 (Me. 1985), <u>Creamer v. Danks</u>, 700 F.Supp. 1169, 1172 n.4 (D. Me. 1988), <u>aff'd</u> 863 F.2d 1037 (1st Cir. 1988) (noting the Law Court's adoption of the relevant Restatement sections). Furthermore, the policy reasons given by the Law Court justifying an absolute privilege for statements made within a judicial proceeding align with those given by other courts and by the Restatement justifying an absolute privilege for statements made prior to a judicial proceeding. <u>See</u> <u>Dineen</u>, 381 A.2d at 664-665 ("just as a witness needs the freedom to be able to answer questions posed, free of any concern except the truth as he believes it to be, an attorney must be free to assert relevant statements to pursue fully the interests of his client"); <u>see also</u> <u>Tanguay v. Asen</u>, 722 A.2d 49, 50 (Me. 1998) (recognizing "at least a qualified privilege of counsel to inquire and develop evidence relevant to the proceeding"); Restatement (Second) of Torts § 586, comment a ("The privilege stated in this Section is based upon a public policy of securing to attorneys as officers of the court the utmost freedom in their efforts to secure justice for their clients"); <u>Sriberg</u>

4

v. Raymond, 345 N.E.2d 882, 884 (Mass. 1976) ("the public policy of permitting attorneys complete freedom of expression and candor in communications in their efforts to secure justice for their clients commends itself to us.... whether in the institution or conduct of litigation or in conferences and other communications preliminary to litigation") (citations omitted).

The alleged defamatory statement here ("Deady's statement") was made by Idexx's in-house counsel in response to a demand letter written by Smith's attorney. Deady's statement is relevant to the litigation threatened by George because it asserts Idexx's position that it treated Smith favorably, as opposed to intentionally inflicting emotional distress as alleged by George in her demand letter[3]. Deady Aff. ¶10. This court holds that Deady's statement, being relevant to the litigation threatened by George, particularly the intentional infliction of emotional distress claim, is absolutely privileged. See Dineen, 381 A.2d at 665; see also Creamer, 700 F.Supp. at 1173 ("public policy considerations argue for a broad interpretation of relevance in evaluating comments made during the course of a judicial proceeding"); see also

---

[3] The allegedly defamatory statement is found in heading (3) of Deady's letter to George. The entire section provides:

(3)     As to the sexual harassment complaint made with respect to Ms. Smith, your letter contains several inaccuracies. Although you allege that Ms. Smith was not given an opportunity to respond or defend herself, Ms. Smith was in fact interviewed at length by a member of the Employee Relations Department and the nature of the complaint was fully described to her. While you state that Ms. Smith was "singled out," the actions of a number of other pharmacy employees were also investigated as part of the investigation. Ms. Smith was singled out only in the sense that she was the only employee as to whom a complaint was made. As you know, no employment action was taken against Ms. Smith, and we fail to see under these circumstances how the normal, responsible conduct of a legally required sexual harassment investigation can give rise to a claim for emotional distress by the alleged harasser. You may wish to know that Ms. Smith broke into the files of her supervisor in an attempt to identify her accuser, a matter for which she was not disciplined.

Restatement (Second) of Torts, §586 comment c ("[the privilege] is available only when the defamatory matter has some reference to the subject matter of the proposed or pending litigation, although it need not be strictly relevant to any issue involved in it").

Furthermore, Deady did not abuse that privilege. He copied the letter to Donalee Santoro, Idexx's Employee Relations Manager, as well as Mason Pratt, Idexx's outside counsel. DSMF ¶12. Because Pratt and Santoro are within the privilege, Deady did not unnecessarily or unreasonably publish his statement. <u>See</u> <u>Vahlsing</u>, 487 A.2d at 267.

The entry is

Defendants' Motion for Partial Summary Judgment on Count III is GRANTED as to Deady's statement.

Dated: January 11, 2000

Robert E. Crowley
Justice, Superior Court

6

Date Filed __08-25-99__ ___CUMBERLAND___ Docket No. _CV 99-493_

County

Action ___STATUTORY ACTIONS___

KATHI SMITH

DONALD L. GARBRECHT
LAW LIBRARY

FEB 7 2000

IDEXX LABORATORIES, INC.
IDEXX DISTRIBUTION CORPORATION

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| REBECCA S. K. WEBBER, ESQ 784-4563<br>PO BOX 190, AUBURN, ME 04212 | James Erwin, Esq., 791-1100 (INDEXX)<br>Ann Rudisill, Esq.<br>One Monument Sq., PM, 04101 |

| Date of Entry | |
|---|---|
| 1999<br>Aug. 25 | Received 08-25-99:<br>Complaint Summary Sheet filed.<br>Complaint with Exhibit A filed. |
| " " | |
| Sept. 2 | Received 9-2-99.<br>Summons filed.<br>Defendant, Idexx Laboratories, Inc., served 8-27-99 to John Rogers Inc. |
| Sept. 7 | Received 9-7-99.<br>Summons filed.<br>Defendant, Idexx Distribution Corp., served 8-22-99 to William Richardson, Adm. Asst. |
| Sept. 17 | Received 9.16.99:<br>Defendants' Answer to Plaintiff's Complaint filed. |
| Oct. 14 | Received 10/14/99:<br>Defendants' Motion for Partial Summary Judgment on Plaintiff's Claim for Defamation with Memorandum of Law Incorporated filed.<br>Idexx's Statement of Material Facts as to Which There is No Genuine Issue to Be Tried filed.<br>Affidavit of Conan R. Deady with exhibits A-E filed.<br>Defendants Request for Hearing on Motion for Partial Summary Judgment filed. |
| "" "" | |
| "" "" | |
| "" "" | |
| Oct. 14 | Received 10.14.99:<br>Defendants Notification of Discovery Service filed.<br>Defendants' Responses to Plaintiff's First request for production of docu<br>served on Rebecca S.K. Webber, Esq., 10.12.99. |
| Oct. 27: | Received 10-25-99.<br>Scheduling Order, filed. (Crowley, J.)<br>    Scheduling Order filed. Discovery deadline is June 25, 2000.<br>Copies mailed Rebecca Webber, Esq., James Erwin, Esq. and Ann Rudisill, on 10-27-99. |