STATE OF MAINE                                                    SUPERIOR COURT
CUMBERLAND, ss.                                                   CIVIL ACTION
                                                                 Docket No. CV-04-410

PATRICIA LINCOLN, individually and
as Personal Representative of the
ESTATE OF STEPHEN DEMERS, et al.,

               Plaintiffs,

       v.                                                    ORDER

GROUP MAIN STREAM, INC.,
MACK STOKES and PETER BRYDON,

               Defendants.


On October 31, 2005 the court granted plaintiffs' motion to amend their complaint to add Count XV. On November 9, 2005, the court received a letter dated November 7, 2005 from defendant Mack Stokes, *pro se*. As set forth in the court's order of November 21, 2005, it construed Stokes's November 7 letter as a motion to dismiss count XV, denied that motion, and stated as follows:

> Stokes is hereby ordered to file an answer to Count XV of the complaint within 10 days of the filing of this order and will be defaulted if he does not do so.

Order of November 21 at p. 2.

Stokes did not file an answer within 10 days. Instead, on December 1, 2005 the clerk's office received and filed two letters from Stokes, both dated November 27, 2005, along with a number of attachments. Neither letter constituted an answer to count XV of the complaint as required by the court's November 21 order. Specifically, neither letter sets forth admissions or denials of the factual averments set forth in the numbered paragraphs of the complaint as required by M.R.Civ.P. 8(b) and 10(b).

One of Stokes's letters argues that the lawsuit should have been kept confidential under the Freedom of Access law (which does not apply to court pleadings) and expounds on Stokes's view that he has been defamed by the plaintiffs in this case. Stokes has enclosed newspaper articles from around the time this lawsuit was commenced that recite the allegations made in the complaint and which also contain some statements by family members of the deceased expressing doubt that Stokes was properly trained and questioning why Stokes had been hired given a prior conviction for manslaughter.[1]

The second letter asks the court to dismiss count XV of the complaint and recounts why Stokes believes he has been damaged by the bringing of this lawsuit. However, it does not offer any arguments to refute the allegations in count XV, namely (1) that if at the time he filed his answer to the complaint Stokes possessed any claims against plaintiffs which arose out of the same transaction or occurrence as the claims set forth in the complaint, those claims should have been asserted as compulsory counterclaims and (2) that statements made in pleadings, affidavits, or testimony during a lawsuit are privileged and cannot be made the subject of an action for defamation.

Subsequently, after counsel for plaintiff wrote in to suggest that Stokes had not complied with the November 21, 2005 order, Stokes wrote in again (letter dated and filed December 7, 2005) to argue he had in fact filed an answer as ordered by the court – expressly referencing the letters discussed above that were filed on December 1.

Although Stokes is representing himself on this issue, the Law Court has instructed trial courts that they cannot bend the rules or offer special consideration to

---

[1] The enclosures to Stokes's letters include attachments that confirm that Stokes had been convicted of manslaughter in 1988

unrepresented litigants. Truman v. Browne, 2001 ME 182 ¶ 11, 788 A.2d 168, 171. Stokes filed a motion to dismiss that was denied, he was ordered to file an answer, and he has instead filed what at best can be construed as a second motion to dismiss. Parties are not entitled to file subsequent motions to dismiss once a motion to dismiss has been denied and they have been ordered to file an answer. The court concludes that under these circumstances Stokes has defaulted in filing an answer to count XV.

It bears emphasis that the court expresses no position on the merits of the case or on any settlement that has been reached. It may be that the charges against Stokes were unfounded. It may also be that statements were made in the pleadings about Stokes that were false and defamatory. Regardless of whether this is true, however, it is established beyond dispute that statements made in pleadings, affidavits, or testimony are privileged and cannot form the basis for a claim of defamation. Dineen v. Daughan, 381 A.2d 663 (Me. 1978); Restatement, Second, Torts § 587. Given that rule, and the rule relating to compulsory counterclaims, nothing in any of the letters filed by Stokes offers any basis on which Stokes would be able to proceed with defamation claims against plaintiffs even if the charges plaintiffs made against him were unfounded and damaged his career.

The entry will be:

Defendant Stokes is determined to have defaulted in answering count XV of the complaint. Accordingly, judgment against defendant Stokes is entered on count XV declaring (1) that defendant Stokes is barred from bringing any claim against plaintiffs that should have been asserted as a compulsory counterclaim and (2) that any statements made by plaintiffs in the complaint, in pleadings, in affidavits or in testimony during the course of this case were privileged and cannot be the subject of a defamation action.

3

The court has been advised that all other claims in this action have been settled and the parties are therefore directed to file docket entries, dismissals, or stipulations finally resolving all of the other claims in this case within 30 days. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: December 8, 2005.

Thomas D. Warren
Justice, Superior Court

4

Ivy Frignoca, Esq.----------Plaintiffs (All)

David Herzer, Esq.---------Defendant (Group Main Stream)

Robert Hoy, Esq.-----------Defendants (Brydon, Stokes)

Mack Stokes, Jr.------------Defendant (Pro Se as to Count 15 ONLY)

Peter Brydon----------------Defendant (Pro Se as to Count 15 ONLY)