STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-14-57

WILLIAM ORR,

Plaintiff-Appellant

v.

ORDER

EARL WILLIAMSON,

Defendant-Appellee

STATE OF MAINE
Cumberland, ss, Clerk's Office

JUN 11 2015

RECEIVED

This is the second related appeal brought by plaintiff-appellant William Orr from a decision of the District Court in a small claims case.

In late 2013 Orr brought a small claims case against Hub Furniture Company. BRIDC-SC-2013-300. Hub Furniture prevailed in an order dated December 13, 2013 (Moskowitz, J.) and Orr appealed. This court affirmed the District Court in an order dated June 17, 2014. *Orr v. Hub Furniture Co.*, Docket No. AP-13-83 (Superior Ct. Cumberland).

Mr. Orr's small claims case against Hub Furniture was based on a chair that Mr. Orr purchased from Hub Furniture. Mr. Orr contended that the chair that was delivered did not match the chair he had seen in the showroom and that the padding on the chair that was delivered was defective. One of the items received in evidence at Mr. Orr's small claims case against Hub Furniture was a memorandum from Earl Williamson, an upholsterer who Hub Furniture sent out to examine Mr. Orr's chair and who concluded that there were no defects.

Mr. Orr then brought the case that is now on appeal against Earl Williamson, contending that Williamson's memorandum was false. BRIDC-SC-2014-191.A large portion of Mr. Orr's

statement of claim, however, consists of complaints about the hearing that was held on Mr. Orr's first small claims case against Hub Furniture.

At the small claims hearing in this case on November 4, 2014, Williamson – who was represented by counsel – brought a motion to dismiss on the ground of res judicata. November 4, 2014 Tr. 3, 5. After hearing from Mr. Orr that the facts in the case against Williamson were essentially the same as the facts in the prior case against Hub Furniture, November 4, 2014 Tr. at 9-10, the District Court (Cantara, J.) granted Williamson's motion to dismiss. See November 4, 2014 Tr. 11-12 and accompanying order dated November 4, 2014. Mr. Orr then appealed.

In this case no evidentiary hearing was held in the small claims proceeding, and the question before the court on appeal is whether the District Court was correct as a matter of law in dismissing Mr. Orr's claim against Williamson.

The court has reviewed the file and the briefs filed by the parties. It has also taken judicial notice of the file on Mr. Orr's first appeal. Mr. Orr's briefs demonstrate that his primary intention in this action is to relitigate his case against Hub Furniture, which he contends was wrongly decided. *See* Appellant's Br. dated March 15, 2015 at 2-3, 4-7; Appellant's Reply Br. filed June 3, 2015 at 4-5. To the extent that Mr. Orr is simply seeking a second chance to litigate his claims against Hub Furniture, his claim was properly dismissed by the District Court on grounds of res judicata and/or collateral estoppel.

To the extent that Mr. Orr is not simply relitigating his claims against Hub Furniture, the dismissal of his claim against Williamson may alternatively be upheld based on witness immunity. *Dineen v. Daughan*, 381 A.2d 663, 664 (Me. 1978). Although Williamson did not testify at the first small claims hearing, his memo was accepted into evidence and the court cannot see any reason not to apply the witness immunity rule under the circumstances.

2

Mr. Orr spends a substantial portion of his brief arguing about the unfairness of the first small claims hearing against Hub Furniture. Among other things he contends that the District Court judge who presided over the first small claims case, the lawyer for Hub Furniture, and the Hub Furniture representative were all "best friends." He also contends that the transcripts from the Hub Furniture small claims hearing and the hearing in the case now on appeal may have been altered. Variations of these arguments were previously raised on Mr. Orr's prior appeal.

First, it is too late to reargue the issues in Mr. Orr's first appeal or to raise new arguments that should have been raised on the first appeal. Second, the transcripts do not support Mr. Orr's claims,[1] and the court does not find any indication in the record that the transcripts in either the first small claims hearing or the second small claims hearing were either altered or incomplete. Moreover, as the court noted on Mr. Orr's prior appeal, if there is any claim that the record on appeal does not accurately disclose what occurred in the court below, that issue should have been presented to the District Court. *See* M.R.Civ.P. 76F(b).

The entry shall be:

The November 4, 2014 decision of the District Court dismissing plaintiff-appellant's claim against defendant–appellee Earl Williamson is affirmed. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

---

[1] By way of example, Mr. Orr contends that in his small claims hearing against Hub Furniture, the District Court announced that Superior Court rules of evidence would be followed. In fact, the District Court observed that the rules of evidence were relaxed in small claims court and that hearsay was admissible, although he noted that hearsay would potentially be entitled to more limited reliability. December 3, 2013 Tr. 4. Mr. Orr also contends that in the case now on appeal the words "res judicata" were somehow whispered to Judge Cantara, but the transcript reflects that those words were stated on the record as the basis of Williamson's motion to dismiss. November 4, 2014 Tr. 5.

3

Dated:   June _10_, 2015

Thomas D. Warren
Justice, Superior Court

**CLERK OF COURTS**
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

ALAN WOLF ESQ
PO BOX 1292
PORTLAND ME 04112

Defendant-Appellee's Counsel

---

**CLERK OF COURTS**
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

WILLIAM ORR
PO BOX 27
STANDISH ME 04084

Pro Se Plaintiff-Appellant