STATE OF MAINE                          SUPERIOR COURT
YORK, ss.                               CIVIL ACTION
                                        DOCKET NO. CV-2018-0061

NICHOLAS W. RAGO              )
                             )
        Plaintiff,           )
                             )                ORDER ON
    v.                       )      PLAINTIFF'S PARTIAL MOTION TO
                             )                 DISMISS
AMANDA E. SEDGEWICK          )
                             )
        Defendant.           )

Defendant Amanda Sedgewick brings a six-count counterclaim against Plaintiff Nicholas

Rago for Wrongful Use of Civil Proceedings (Count I), Tortious Interference (Count II),

Defamation (Counts III & IV), Intentional Infliction of Emotional Distress (Count V), and

Punitive Damages (Count VI). Rago now moves to dismiss, pursuant to M.R. Civ. P. 12(b)(6),

Counts II, III, and IV of Sedgewick's counterclaim.

## I.    Background

Plaintiff filed a Complaint seeking recovery for defamation, wrongful use of civil

proceedings, and intentional infliction of emotional distress on March 29, 2018. The claims

relate to the statements and actions of Amanda Sedgewick, which took place during the course of

the parties' divorce. (*See generally*, Pl.'s Compl.) Specifically, Rago alleged Sedgewick made

false allegations against him in a March 31, 2016 Complaint for Protection from Abuse and in

police reports, and that on other occasions she falsely accused him of "domestic violence" and/or

"abuse." (*See* Compl. ¶¶ 25, 29, 32, 46, 65.)

On April 18, 2018, Ms. Sedgewick moved to dismiss Rago's Complaint. By Order dated

July 30, 2018, the Court stayed all deadlines pending the resolution of Sedgewick's Motion to

1

Dismiss. On January 19, 2018 the Court entered an Order denying Sedgewick's Motion to Dismiss.

On February 14, 2019,[1] Sedgewick answered the Complaint and asserted a number of affirmative defenses and counterclaims. Among the allegations in the counterclaim, Sedgewick asserts that in December of 2016 "Rago interfered with [her] employment relationship through fraud and intimidation by contacting [her] employer and divulging personal information, false allegations, and questioning her mental health[;]" that in a "December 2016 letter to Sedgewick's employer" Rago "falsely alleged that Sedgewick committed a crime or crimes, claimed she was unable to perform her duties as a resident in a mental health program, and divulged personal information about Sedgewick[;]" and that in a "November 2016 letter to Sedgewick's neighbor" Rago "falsely alleged that Sedgewick committed a crime or crimes and divulged personal information about Sedgewick." (Countercl. ¶¶ 44, 47, 53.)

On March 5, 2019, Rago moved to dismiss Counts II, III, and IV of Sedgewick's counterclaim as time-barred barred by the two-year statute of limitations for bringing claims for defamation. *See* 14 M.R.S. § 753. Rago notes that the defamation counterclaims accrued when the letters were sent, in November and December of 2016, respectively, and that the counterclaim for tortious interference is based on the same (allegedly defamatory) December 2016 letter(s) to Sedgewick's employer that formed the basis for counterclaim Count III. (Pl.'s Mot. Dismiss, at 2.) Therefore, Rago argues, the statute of limitations for bringing those claims lapsed in November and December of 2018.

---

[1] Sedgewick indicates in her Opposition to Plaintiff's Partial Motion to Dismiss that Rago's counsel consented to an extension of the deadline for filing an answer to the Complaint until February 14, 2019. (*See* Def.'s Opp. at 4, n.2.) Rago does not dispute that characterization of the facts and does not contend the Answer and counterclaim were untimely on that basis.

## II. Discussion

### A. 12(b)(6) Standard

When reviewing a motion to dismiss under Maine Rule of Civil Procedure 12(b)(6), the complaint is viewed "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Ramsey v. Baxter Title Co.*, 2012 ME 113, ¶ 6, 54 A.3d 710. While the allegations contained in the complaint are considered true and admitted, *Richardson v. Winthrop Sch. Dep't*, 2009 ME 109, ¶ 5, 983 A.2d 400 (citation omitted), the court "is not bound to accept the complaint's legal conclusions[,]" *Bowen v. Eastman*, 645 A.2d 5, 6 (Me. 1994) (citation omitted). Dismissal is warranted only when the court is satisfied that it is "beyond doubt that [the] plaintiff is entitled to no relief under any set of facts that might be proven in support of the claim." *Dragomir v. Spring Harbor Hosp.*, 2009 ME 51, ¶ 15, 970 A.2d 310 (citation omitted).

### B. Analysis

The parties do not dispute that the two-year statute of limitations for bringing defamation claims based on the letters from November and December of 2016 ran as of November and December of 2018, after the filing of Sedgewick's Motion to Dismiss Rago's Complaint and before the entry of the Order denying Sedgewick's Motion to Dismiss. Thus, the issue becomes whether the statute of limitations was tolled such that Sedgewick's defamation claims are not time-barred. Sedgewick argues the statute of limitations was tolled by virtue of M.R. Civ. P. 12(a) and 14 M.R.S. § 865.

Sedgewick takes nothing from her argument based on section 865, which provides: "All the provisions hereof respecting limitations apply to any counterclaim by the defendant except a counterclaim arising out of the transaction or occurrence that is the subject matter of the

3

plaintiff's claim *to the extent of the demand in the plaintiff's claim.* The time of such limitation shall be computed as if an action had been commenced therefor at the time the plaintiff's action was commenced." 14 M.R.S. § 865 (emphasis added). The Law Court has clarified that the emphasized language indicates the only counterclaims covered by section 865 are those "asserted . . . in defensive reduction of the amount of defendant's liability to plaintiff." *See Union Trust Co. v. Hardy*, 400 A.2d 384, 392 (Me. 1979). Here, Sedgewick's defamation counterclaims are not asserted "in defensive reduction" of the amounts claimed by Rago in his claims, and therefore section 865 does not apply to those counterclaims.

While there are no Maine cases interpreting the Maine Rules of Civil Procedure in this particular factual context—where the statute of limitations ran on various counterclaims *after* the defendant filed a motion to dismiss—"the majority of federal courts [hold] that the applicable statute of limitations is tolled for compulsory counterclaims for the period of time allowed for filing such claims under the federal rules of civil procedure." *Mr. R. v. Me. Sch. Admin. Dist. No. 35*, 2001 U.S. Dist. LEXIS 25080, at *8 (D. Me. Feb. 20, 2001) (*rev'd on other grounds*, 321 F.3d 9 (1st Cir. 2003)); 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1419 ("the institution of plaintiff's suit tolls or suspends the running of the statute of limitations governing a compulsory counterclaim.").

A compulsory counterclaim is "any claim which at the time of serving the pleading the pleader has against any opposing party, *if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim.*" M.R. Civ. P. 13(a)(1) (emphasis added). To determine "whether the facts of a controversy constitute a transaction or occurrence," the Court must "consider whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties'

4

expectations or business understanding or usage." *Morse Bros, Inc. v. Mason*, 2001 ME 5, ¶ 5, 764 A.2d 267 (internal quotation marks and citation omitted).

Sedgewick's defamation claims relate to the veracity of the November and December, 2016 letters; those letters, in turn, accuse Sedgewick of making false allegations of abuse against Rago to the police and in her March 31, 2016 Complaint for Protection from Abuse. The alleged falsity of Sedgewick's allegations of abuse against Rago form the basis of Rago's defamation claims against Sedgewick. Moreover, the general gist of Rago's complaint and Sedgewick's counterclaims evince both parties' desire to litigate the wrongfulness of the other party's conduct during the course of their contentious divorce proceedings. These facts are substantially related in time, space, origin, and motivation, and the claims would form a convenient trial unit.

Under M.R. Civ. P. 13(a)(1) the rule adopted by a majority of federal jurisdictions, Counts II, III, and IV of Sedgewick's counterclaim constitute timely, compulsory counterclaims. Accordingly, the entry shall be:

"Plaintiff's Partial Motion to Dismiss is DENIED."

The Clerk is requested to enter this Order on the docket for this case by incorporating it by reference. M.R. Civ. P. 79(a).

SO ORDERED.

Dated: May 24 2019

John O'Neil, Jr.
Justice, Superior Court

Entered on the Docket on: 5/24
Copies sent to the following parties/counsel on: 5/24

Atty Howell
Atty Streeter

5

STATE OF MAINE                          SUPERIOR COURT
YORK, ss.                               CIVIL ACTION
                                        DOCKET NO. CV-2018-0061

NICHOLAS W. RAGO              )
                             )
            Plaintiff,       )
                             )                  ORDER ON
     v.                      )        DEFENDANT'S MOTION TO DISMISS
                             )
AMANDA E. SEDGEWICK          )
                             )
            Defendant.       )

Plaintiff Nicholas W. Rago brings this action seeking to recover compensatory and

punitive damages from Defendant Amanda E. Sedgewick (formerly, Amanda E. Rago) for

defamation (Counts I, II, and IV), wrongful use of civil proceedings (Count III), and intentional

infliction of emotional distress (Count V). Defendant now moves to dismiss the plaintiff's

Complaint. For the reasons stated below, Ms. Sedgewick's motion is hereby denied.

## I.   Background

In support of his claims, Mr. Rago asserts the following facts which, for the purposes of

ruling on the present motion, the Court treats as true and admitted.

Plaintiff and Defendant were legally married and living separately when Defendant filed

a complaint for divorce against Plaintiff in June 2015. (Pl.'s Compl. ¶¶ 3-5.) During the

pendency of their divorce, Ms. Sedgewick called the York Police Department and accused Mr.

Rago of physically assaulting her in her home on March 30, 2016. (*Id.* ¶¶ 15-17.) Ms.

Sedgewick reiterated her allegations regarding the March 30, 2016 incident in a Complaint for

Protection from Abuse, and provided a copy of her sworn statement to the York Police

Department. (*Id.* ¶¶ 25-26.) Ms. Sedgewick has verbally recounted her allegations regarding the

March 30, 2016 incident to at least one other person. (*Id.* ¶¶ 38-39.) Plaintiff maintains

1

Defendant has published her allegations regarding the March 30, 2016 incident knowing them to be false, and caused him to suffer embarrassment, mental suffering, humiliation, tarnished reputation, and a loss of standing as a result. (*Id.* ¶¶ 32, 35, 40, 43.)

Mr. Rago asserts that Ms. Sedgewick initiated the Protection from Abuse proceedings without cause or any reasonable basis. (*Id.* ¶ 47.) He maintains Defendant brought the action primarily for the improper purposes of acquiring temporary sole parental rights to the parties' children, gaining an advantage in the divorce proceedings, and tarnishing Plaintiff's reputation. (*Id.* ¶ 48.) Ms. Sedgewick voluntarily dismissed her Complaint for Protection from Abuse. (*Id.* ¶ 49.) Plaintiff alleges he suffered damages as a result of Ms. Sedgewick filing her Complaint. (*Id.* ¶ 50.)

Following a miscommunication between the parties regarding the appropriate time their children should be picked up from school on March 7, 2018, Ms. Sedgewick told other parents that Mr. Rago had "'freaked her out a little bit' and then she stated that she has been going through 'active shooter training at work' and insinuated that Mr. Rago might do something dangerous at the school." (*Id.* ¶¶ 53-59.) Ms. Sedgewick also texted other parents to state that she was doing a presentation on domestic violence in Portland and she was "certain" Mr. Rago would be "pissed about that as well." (*Id.* ¶ 60.) She recommended other parents pick their children up from school. (*Id.* ¶ 66.) Defendant's statements suggested or insinuated that Plaintiff would perform a violent act at the school, causing the other parents to panic and the and police being called. (*Id.* ¶¶ 61-64.) Defendant made her statements knowing they would create a false impression regarding Plaintiff, and causing him to suffer embarrassment, mental suffering, humiliation, tarnished reputation, and a loss of standing as a result. (*Id.* ¶¶ 67-69.)

2

Plaintiff maintains the Defendant's false statements about him were made intentionally and purposefully, exceeded all possible bounds of decency, and caused him to suffer severe and extreme emotional distress. (*Id.* ¶¶ 71-75.)

## II. Discussion

### A. 12(b)(6) Standard

When reviewing a motion to dismiss under Maine Rule of Civil Procedure 12(b)(6), the complaint is viewed "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Ramsey v. Baxter Title Co.*, 2012 ME 113, ¶ 6, 54 A.3d 710. While the allegations contained in the complaint are considered true and admitted, *Richardson v. Winthrop Sch. Dep't*, 2009 ME 109, ¶ 5, 983 A.2d 400 (citation omitted), the court "is not bound to accept the complaint's legal conclusions[,]" *Bowen v. Eastman*, 645 A.2d 5, 6 (Me. 1994) (citation omitted). Dismissal is warranted only when the court is satisfied that it is "beyond doubt that [the] plaintiff is entitled to no relief under any set of facts that might be proven in support of the claim." *Dragomir v. Spring Harbor Hosp.*, 2009 ME 51, ¶ 15, 970 A.2d 310 (citation omitted).

### B. Analysis

Defendant moves to dismiss the Plaintiff's complaint, in whole or in part, on three grounds. First, she argues all counts should be dismissed on the grounds of *res judicata*, arguing the issues raised in the Plaintiff's complaint were addressed in the parties' prior divorce action (YORDC-FM-15-103). Second, Defendant argues that the statements she is alleged to have made in Counts I, II, III, and V of the Complaint are privileged in that they were made as a part of a protection from abuse proceeding. Third, Defendant moves to dismiss Count IV of the complaint on the grounds that Plaintiff has not identified any false statement attributable to her.

3

## 1. *Res Judicata* with Respect to All Counts

Under the doctrine of *res judicata*, "[a] prior civil action will bar a subsequent civil claim if: (1) the same parties, or their privies, are involved; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for decision were, or might have been, litigated in the prior action." *Henriksen v. Cameron*, 622 A.2d 1135, 1141 (Me. 1993) (quoting *Beegan v. Schmidt*, 451 A.2d 642, 644 (Me. 1982). Defendant argues the issues now before the Court were fully litigated during the parties' divorce proceedings.

Plaintiff counters that independent tort actions between former spouses, even if based on allegedly tortious conduct that took place during the marriage and addressed as a part of the divorce proceedings, are not precluded by *res judicata* in light of the distinct remedies available in either action. *Id.* at 1141-42 ("An action for divorce, even if based on the ground of cruel and abusive treatment, is not based on the same underlying claim as an action in tort[.]"). Accordingly, Ms. Sedgewick has not established that the third element of *res judicata* is satisfied, and the Plaintiff's Complaint cannot be dismissed on that basis.

## 2. Privilege with Respect to Counts I-III

Ms. Sedgewick next argues Counts I-III of the Plaintiff's Complaint (alleging slander per se, libel per se, and wrongful use of civil proceedings) should be dismissed because her allegedly false statements concerning the March 30, 2016 incidents were absolutely privileged as they were made as a part of her Complaint for Protection from Abuse.

Defendant is correct that her statements are privileged to the extent they were made in pleadings regarding her March 31, 2016 Complaint for Protection from Abuse. *See Dineen v. Daughan*, 381 A.2d 663 (Me. 1978) (allegedly false statements made in pleadings absolutely privileged); *Garing v. Fraser*, 76 Me. 37, 42 (1884) ("public policy requires that witnesses shall

4

not be restrained by the fear of being vexed by actions at the instance of those who are dissatisfied with their testimony . . . ."); *see also* Simmons, Zillman & Gregory, *Maine Tort Law* § 13.18 (1999 ed.) ("Communications in judicial proceedings are absolutely immune when they have some reference to the proceedings . . . . The privilege applies to statements in pleadings. . . .").

However, Mr. Rago's allegations are not based on the allegedly false statements Ms. Sedgewick made in her initial Complaint. Rather, Count I is premised on the allegation that Ms. Sedgewick republished the false allegations in writing by providing a copy of the Complaint to the York Police Department. (Pl.'s Compl. ¶ 26); *see Vahlsing Christina Corp. v. Stanley*, 487 A.2d 264, 267 (Me. 1985) ("The privilege may well have been lost by unnecessary or unreasonable publication beyond the scope of the privileged circumstances."). Similarly, Count II is premised on the alleged verbal republication of the same allegedly false allegations to third persons outside the context of a judicial proceeding. (*See id.* ¶¶ 38-39.) Thus, neither defamation count warrants dismissal on the basis that the allegations in the Complaint for Protection from Abuse itself were privileged.

Count III of the Plaintiff's Complaint, alleging Ms. Sedgewick initiated and maintained the Protection from Abuse proceedings against Mr. Rago without a reasonable basis in fact, primarily for wrongful purposes, and which terminated in Mr. Rago's favor, properly states a claim for wrongful use of civil proceedings. *See Pepperell Trust Co. v. Mountain Heir Fin. Corp.*, 1998 ME 46, ¶ 17, 708 A.2d 651("The tort of wrongful use of civil proceedings exists where (1) one initiates, continues, or procures civil proceedings without probable cause, (2) with a primary purpose other than that of securing the proper adjudication of the claim upon which the proceedings are based, and (3) the proceedings have terminated in favor of the person against

5

whom they are brought."). Whether or not the allegations in Ms. Sedgewick's Complaint were privileged would not be dispositive of any of the elements of Mr. Rago's claim as to Count III of his Complaint.

### 3. False Statements Supporting Count IV

Defendant's final argument is that Count IV of the Plaintiff's Complaint fails to state a claim for defamation because it does not identify a false statement attributable to her.

The Complaint alleges that on March 7, 2018, Mr. Rago was in California on a business trip. (Compl. ¶ 53.) That day, following a miscommunication regarding when the parties' children should be picked up from school, Ms. Sedgewick texted other students' parents stating she was "freaked out" by Mr. Rago's conduct, stating that she had been going through active shooter training at work, and recommended other parents pick up their children from school. (Pl.'s Compl. ¶¶ 56-59, 66.) Around the same time, Ms. Sedgewick told other parents she was sure Mr. Rago was "pissed" that she was doing a presentation on domestic violence. (*Id.* ¶ 60.) Ms. Sedgewick's statements caused a number of other parents to be concerned and resulted in calls to the police. (*Id.* ¶¶ 62, 64.)

Indeed, Ms. Sedgewick's statements are more in the realm of opinion or prediction. "A defamation claim requires a statement—i.e. an assertion of fact, either explicit or implied, and not merely an opinion, provided the opinion does not imply the existence of undisclosed defamatory facts." *Lester v. Powers*, 596 A.2d 65, 69 (Me. 1991) (citations omitted). "In assessing whether a statement expresses fact or opinion, we look to the totality of the circumstances and to whether the statement was intended to state an objective fact or a personal observation." *Ballard v. Wagner*, 2005 ME 86, ¶ 11, 877 A.2d 1083 (citing *Lester*, 596 A.2d at 71).

6

Ms. Sedgewick's statements of opinion—that she was "freaked out" and that other parents should pick up their children early—could reasonably be interpreted to be based on undisclosed facts, i.e., that Mr. Rago had engaged in behaviors that were concerning based on Ms. Sedgewick's active shooter training. Thus, viewing the facts in the light most favorable to the Plaintiff, Ms. Sedgewick purported to volunteer an informed prediction that Mr. Rago posed a threat of violence to the schoolchildren at a time he was thousands of miles away.

While tenuous, the facts as alleged in Count IV of the Plaintiff's Complaint establish that Ms. Rago made statements that were reasonably interpreted by third parties to express an opinion, informed by undisclosed defamatory facts, that Mr. Rago might commit an act of violence at the school. Thus, Count IV states a claim for defamation that survives Defendant's 12(b)(6) motion.

## III.    Conclusion & Order

In light of the foregoing, Defendant's Motion to Dismiss the Plaintiff's Complaint must be denied. Accordingly, the entry shall be:

"Defendant Amanda E. Sedgewick's Motion to Dismiss the Plaintiff's Complaint is hereby DENIED."

The Clerk is requested to enter this Order on the docket for this case by incorporating it by reference. M.R. Civ. P. 79(a).

SO ORDERED.

Dated:    1/18/19

John O'Neil, Jr.
Justice, Maine Superior Court

Entered on the Docket on: 1/18/19
Copies sent to the following parties/counsel on: 1/18/19
Attorney Howell    Amanda Sedgewick

7