**W. Gayden WHITE, Plaintiff,**

v.

**ALL AMERICA CABLE & RADIO, Defendant.**

Civ. No. 86–1184 HL.

United States District Court, D. Puerto Rico.

March 31, 1987.

Charles A. Cordero, Cordero, Colon & Miranda, Old San Juan, P.R., for plaintiff.

Edwin J. Guillot, Jr., McConnell, Valdés, Kelley-Sifre, San Juan, P.R., for defendant.

## OPINION AND ORDER

LAFFITTE, District Judge.

Plaintiff, W. Gayden White is back. In 1981 he filed a claim for payment of overtime, severance and vacation pay against his former employer, All America Cable & Radio, Inc. ("All America"). Over the period of four years the parties built a three volume case file of motions, briefs, documents, discovery requests, and other paper battling all possible pretrial issue— without ever reaching the merits of the complaint. Finally, on February 13, 1986, defendant prevailed on one of its motions and the case was dismissed for lack of diversity jurisdiction. 642 F.Supp. 69.

Diversity having been established, the case was refiled and, again, assigned to the undersigned judge. At long last a Motion for Partial Summary Judgment addressing the merits of plaintiff's claim has been filed. Defendant, who presented the motion, claims that plaintiff is not entitled to overtime pay, as he requested pursuant to 29 U.S.C. sect. 207(a) and 29 L.P.R.A. sects. 273 and 274, because he was an exempt employee as defined by both the federal and Puerto Rico statute. We agree with defendant's argument and GRANT the motion.

Plaintiff began work for defendant, All America, a company in the communications

business, in 1974. There he was employed until 1981 when he claims to have been intimidated and harassed into resigning. Plaintiff's title with defendant was initially Manager for Safety and Security. His functions were later expanded and he was designated Area Manager for Security and Safety. Plaintiff's essential responsibility in his job was to advise and make recommendations to defendant and those companies forming defendant's "Communication Group" on security matters. Plaintiff was also in charge of overseeing defendant's security procedures and programs. He was the head of the defendant's Safety Committee, he organized employee security and safety training sessions and performed other miscellaneous security functions. During the period he was employed by defendant, plaintiff earned a salary of more than $900.00 per week. At the time of his resignation, his total compensation, including fringe benefits and bonuses, was $85,616.00.

Among the issues perpetrating plaintiff's resignation is the amount of overtime he claims to have worked for defendant without having been compensated for the excess hours. In his complaint plaintiff requests payment of overtime pursuant to Puerto Rico's overtime statute, 29 L.P.R.A. 271 et seq., and the federal Fair Labor Standards Act of 1938, 29 U.S.C. sect. 201 et seq.

Both the federal and Puerto Rico statutes provide for a pay rate equal to time and a half to "employees" who work in excess of a forty hour workweek. 29 L.P. R.A. sects. 273, 274 and 29 U.S.C. sect. 207.[1] However, the overtime provisions do not apply to exempt "employees" working as an "administrator," "executive," or "professional." 29 U.S.C. sect. 213(a)(1); 29 L.P.R.A. sect. 288. The definition and delineation of an "exempt employee" under the federal statute is set forth in the Rules and Regulations ("Regulations") promulgated by the Secretary of Labor. 29 C.F.R. sects. 541.1 et seq.[2] We focus ex-

clusively on the exemptions applicable to this case; the "executive" and "administrative" exemptions.

The Regulations establish two tests for determining whether an employee is a bona fide executive or administrator. Employees earning less than $250 per week, or $200 per week if employed in Puerto Rico, are subject to the "long test" of 29 C.F.R. sects. 541.1(a)-(e) for executive employees, and sects. 541.2(a)-(e) for administrative employees; whereas those earning $250 ($200 in Puerto Rico) or more per week are governed by the "short test" as set forth in sects. 541.1(f) and 541.2(e). *See Donovan v. United Video, Inc.,* 725 F.2d 577 (10th Cir.1984).

There is no controversy that the "short test" applies in this case. Plaintiff admits to have earned approximately $900 per week, far in excess of the $250 limit established by the Regulations.

According to the Regulations, an employee who earns at least $250 a week qualifies under the "executive" exemption if: 1) his "primary duty consists of the management of the enterprise in which he is employed *or* of a customarily recognized department or subdivision," and 2) "such duty includes the customary and regular direction of the work of two or more other employees in the establishment or department." 29 C.F.R. 541.1(f). The record in this case is unclear whether plaintiff directed or supervised more than two employees. Plaintiff's job description states that he was to supervise over 2,000 security guards and other security employees. However, in his deposition, plaintiff explained that security was handled by hired security services and that he did not directly supervise the individual guards. Plaintiff testified at the deposition that he supervised only one employee—his secretary. Though we make no specific finding whether plaintiff qualifies as an executive, it would appear from his testimony that the requirement of supervising more than two employees for this exemp-

---

1. Contrary to the Fair Labor Standards Act, the Puerto Rico overtime statute provides for overtime payment for work performed in excess of eight hours a day.

2. Puerto Rico defines "exempt" employees similarly in Regulation No. 13, Article III.

tion has not been met. Instead, we examine more carefully whether there exists any genuine issue of fact that plaintiff falls within the administrative employee exemption.

■ Judgment on a Rule 56 motion for summary judgment, as is presented by defendant in this case, is proper only if on "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* —— U.S. ——, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). After considering the parties' legal arguments and reviewing the relevant external evidence in this case, deposition and documents, pursuant to the proper summary judgment standard, we find plaintiff to be an administrative employee within the meaning of the exemption. Defendant is entitled to judgment as a matter of law on plaintiff's request for overtime pay.

According to the Secretary of Labor's Regulations, an employee compensated at a rate of more than $250 per week is considered an exempt administrative employee if: 1) his "primary duty consists of ... the performance of office or nonmanual work directly related to management policies or general business operation of [the] employer ...," sect. 541.2(e)(2), and 2) such duty "includes work requiring the exercise of discretion and independent judgment," sect. 541.2(e)(2).

■ As explained in the Interpretations of the Regulations, 29 C.F.R. sects. 541–200 et seq.,[3] the requirement that the work of a bona fide "administrative" employee must be office or nonmanual work was intended to restrict the exemption to "white-collar" employees who meet the test. 29 C.F.R. sect. 541.203. This requirement does not completely prohibit the performance of manual work by an "administrative" employee. *Id.* Instead, the focus of the court

should be on the quantity of time spent in nonmanual activities in conjunction with the other requirements for the exemptions. The phrase "directly related to management policies or general business operation of [the] employer" is meant to describe activities of substantial importance to the management or operation of the employer's business. *Id.* at sect. 541.205. This requirement is not to be used to strictly limit the exemption to persons who directly participate in the formulation of management policies or the business operation. Persons who serve in an advisory capacity to management may also be considered "administrative" employees for the purposes of the exemption. *Id.* Finally, the requirement that the employee exercise "discretion and independent judgment," implies that the person has the authority to make independent choices, free from immediate direction or supervision, with respect to matters of significance. *Id.* at sect. 541.207. This does not mean that the employee must have the power to make final decision absent review, but is in a position of making recommendations. *Id.* at sect. 541.207(e)(1).

Though many of plaintiff's responsibilities required him to be outside of the office, making security inspections or performing other field work, his job was clearly nonmanual in nature. The only duties which could arguably be considered manual in nature were his sporadic tasks of serving as a body guard for defendant's executives while on business in the Caribbean area, or serving as a "bagman," to carry company valuables from one place to another. Even accepting these duties as manual tasks, they did not constitute a sufficient portion of plaintiff's work time to take him out of the exemption for administrative employees.

Plaintiff's functions as Manager of Security and Safety were of substantial importance to the management and operation of defendant's business. In defendant's business of communications, the assurance

---

**3.** The Secretary of Labor's Interpretations are given weight and entitled to deference in a federal judicial proceeding. *See Central Aguirre* *Sugar Co. v. Castro,* 330 F.2d 68 (1st Cir.1964), cert. denied, 379 U.S. 833, 85 S.Ct. 64, 13 L.Ed.2d 41.

of property, employee and labor security and safety is of clear import. As part of his job, plaintiff advised management and made recommendations on security related matters such as building design, the feasibility of an internal security system, which guard services were reliable and should be hired, and budgetary suggestions. Though plaintiff was not directly involved in the formulation of management policies, his role as an advisor to management on security issues is sufficient to keep him within the administrative exemption.[4]

Plaintiff also had the authority to exercise discretion and independent judgment in his job with defendant. It can be safely said that plaintiff was selected for the job of Manager of Safety and Security because of his extensive education and experience in the area. Plaintiff's entire career, except for a brief period, has been in the area of security. He has worked for both government agencies and private industry in security positions. As a special agent with the F.B.I. for almost seven years, plaintiff received extensive training which he carried over to his later work in security and safety positions with other employers. Plaintiff has taken courses in security and criminal justice at several universities and has taught courses in this areas. He was elected President of the Law Enforcement Association of Puerto Rico for several years and has a list of other honors, certificates and licenses in the security area.

With such a background plaintiff was in the position, and his job required him, to give defendant independent advice and to make unsupervised recommendations on security and safety matters. That management did not always follow plaintiff's recommendations does not take him out of the administrative employee exemption. In addition to providing defendant with independent advise and counsel, plaintiff, alone, with the help of his secretary, was in charge of managing and organizing defendant's Safety Committee, comprised of a representative from each of defendant's business departments. Plaintiff was also in charge of organizing employee training sessions on security and safety matters. Some of the training sessions plaintiff himself taught, while others were lead by outside instructors. In his function as head of the Safety Committee and organizer of training sessions, plaintiff had little, if any, supervision.

WHEREFORE, we find plaintiff to have been an administrative employee exempting him from payment for overtime. Defendant's Motion for Partial Summary Judgment is GRANTED. Plaintiff's claim for overtime pay is DISMISSED.

IT IS SO ORDERED.

---

4. We note that the position of "safety director" is cited as a specific example of an "administrative" employee in the Rules and Regulations. 29 C.F.R. 541.205(5).