Jeffrey R. GORDON

v.

MAINE CENTRAL RAILROAD

and

Springfield Terminal Railway Company.

Supreme Judicial Court of Maine.

Submitted on Briefs March 13, 1995.

Decided May 4, 1995.

Nicholas H. Walsh, Portland, for plaintiff.

Ernest J. Babcock, Michelle A. Landmann, Friedman & Babcock, Portland, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN and DANA, JJ.

WATHEN, Chief Justice.

Plaintiff Jeffrey R. Gordon appeals from a judgment entered in the Superior Court

(Cumberland County, *Lipez, J.*) finding no violation of 26 M.R.S.A. § 664 (1988 & Supp. 1994),[1] by defendants, Maine Central Railroad and Springfield Terminal Railway Company (Railroads). Plaintiff contends that the court erred in looking to the Federal Fair Labor Standards Act (FLSA), 29 U.S.C.A. § 213 et seq. (1992), and federal regulations and case law to construe the Maine statute. He also asserts that the court erred in concluding that his work was administrative in nature, and therefore exempt from the statutory overtime pay requirements. We reject plaintiff's contentions and affirm the judgment.

From April 1986 until April 1989, plaintiff was employed by the Railroads as special agent to ensure security. He was paid an annual salary of $23,000 per year. Plaintiff provided security for the railroad and had sole responsibility for overseeing all Railroad premises in a territory encompassing central Maine, and eventually a large section of New Hampshire. During his tenure, there were many occasions when plaintiff was required to work more than forty hours in a given week. He was not paid for these additional hours. After leaving the Railroads' employ, plaintiff made a demand for overtime wages for the hours worked in excess of forty hours per week. His demand was refused and plaintiff brought claims under 26 M.R.S.A. § 626–A (Supp.1994) (for failure to pay overtime) and 26 M.R.S.A. § 664 (Supp.1994) (for failure to pay back wages within a reasonable time). After a bench trial, the court found that plaintiff was employed in a bona fide administrative capacity and thus exempt from any overtime pay requirement under the terms of 26 M.R.S.A. § 663(3)(K) (1988).

■ Plaintiff argues that the trial court erred in looking to federal law and regulations to define the term "administrative" as used in the Maine statute. We disagree. When, as here, a term is not defined in either the relevant statutory provisions or in prior

decisions of this court, Maine Courts may look to analogous federal statutes, regulations, and case law for guidance. *See Director, Bur. of Labor Stan. v. Cormier*, 527 A.2d 1297, 1299 (Me.1987) (looking to the federal Fair Labor Standards Act to define the term "employer" as used in 26 M.R.S.A. §§ 661–72).

■ Plaintiff next asserts that even if the court did not err in looking to federal law, it was an error of law to conclude that his work was of an administrative nature, and therefore exempt from the minimum wage statute. Under the Fair Labor Standards Act an employee employed in a bona fide administrative capacity is one whose primary duty consists of the performance of non-manual work directly related to management policies or general business operations of his employer, who customarily and regularly exercises discretion and independent judgment, and who performs specialized or technical work under only general supervision. The employee must not devote more than twenty percent of hours worked in the work week to activities not directly related to the performance of the work described above and must be compensated on a salary fee basis of not less than $250 per week ($175 per week under the Maine statute). 29 C.F.R. § 541.2. An employee does not have to be involved in the formulation of management policies to be an administrative employee. *See White v. All America Cable and Radio*, 656 F.Supp. 1168, 1170 (D.Puerto Rico, 1987) (a manager of security and safety, who supervised no other employees, but had responsibility for making security inspections and performing other security field work, exercised sufficient discretion to be considered an administrative employee).

■ The facts as found by the trial court are undisputed and demonstrate that when plaintiff was hired he understood that his position was management. Although he was

---

1. 26 M.R.S.A. § 664 (Supp.1994) provides in pertinent part: "it is declared unlawful for any employer to ... require any employee to work more than 40 hours in one week, unless 1½ times the regular hourly rate is paid for all work done over 40 hours in any one week;

26 M.R.S.A. § 663(3) defines "employee" and provides in part "... the following individuals shall be exempt from this subchapter: ...

**K.** Any individual employed in a bona fide executive, administrative or professional capacity, and who is paid on a salary basis of not less than $175 weekly."

not involved in formulating management policies, plaintiff frequently represented the company by providing a management presence during periods of labor strife. His education and prior experience qualified him for his position. Plaintiff exercised discretion and independent judgment in protecting the company's property, and employees, investigating accidents and derailments, and, under certain circumstances, in removing engineers and workers from trains. He worked in remote locations without supervision, performing inventories and evaluating the condition of Railroad equipment. Under these facts, it was not an error of law for the court to conclude that plaintiff's primary duty involved the general business operations of the Railroads.

■ Plaintiff also argues that, even if his primary duties were administrative, the court erred in determining that the miscellaneous tasks he performed, which occupied approximately fifty percent of his time, were directly and closely related to those administrative duties. A bona fide administrative employee may not devote more than twenty percent of his time to activities which are not directly and closely related to the performance of the tasks described in 29 C.F.R. § 541.2(a)–(c). Routine tasks that do not themselves require the exercise of discretion and independent judgment, but which have a direct and close relationship to the performance of the more important duties are exempt under the statute. *See* 29 C.F.R. § 541.202(c). Plaintiff asserts that the miscellaneous tasks, taking inventory of Railroad property, delivering payroll checks, transporting stranded crews and high level executives, were not directly and closely related to the administrative work.

There was conflicting testimony at trial regarding the nature of his miscellaneous activities. The court credited the testimony offered by the Railroads on this issue. The former director of police and security testified that much of the chauffeuring of officials and transport of other personnel took place during strikes when the security of the individuals was threatened. Delivery of payroll and other important documents was part of the security function and assured an uninterrupted payroll during strikes and periods of tension. Additionally, the evidence suggests that vehicle inventories and surveys required independent discretion and judgment because they involved the identification and location of Railroad vehicles within plaintiff's territory to ensure that none of the Railroad's property was missing. Viewed in the light of the evidence, the court's determination that plaintiff's miscellaneous tasks were directly and closely related to his security function cannot be said to be clearly erroneous.

The entry is:

Judgment affirmed.

All concurring.