STATE OF MAINE                                    SUPERIOR COURT
ANDROSCOGINN, ss.                                 DOCKET NO. RE-09-146
                                                  COB - AND CV 6/10/2010


NICOLE SMART,

        Plaintiff
                                                  ORDER

v.

CENTRAL MAINE LONG TERM
CARE INC., d/b/a BOLSTER                          **RECEIVED & FILED**
RESIDENTIAL CARE FACILITY,
                                                  JUN 1 0 2010
        Defendant.                                ANDROSCOGGIN
                                                  SUPERIOR COURT

                        DECISION AND ORDER


        The Defendant, Central Maine Long Term Care, Inc., d/b/a/ Bolster

Heights Residential Care Facility ("Bolster" or "Defendant"), has brought this

motion for partial summary judgment before the court.

                        FACTUAL BACKGROUND

        The following facts are drawn from the parties' statements of material

facts. Only those facts that are material to the Defendant's partial motion for

summary judgment on the Plaintiff's Maine Family Medical Leave Requirements

Act ("MFMLA") and defamation claims are presented.

        The Plaintiff was employed by Bolster from March 3, 2007 through March

14, 2008 as a Personal Support Specialist on a per diem basis. Plaintiff's rate of

pay was $8.29 per hour with a late shift differential pay of $1.25-$1.75. Plaintiff's

supervisor was Barbara Roberts, Bolster's Resident Care Director.

        On March 1, 2008, Plaintiff reported to work at 10:38 p.m. After punching

in for her shift, Plaintiff experienced abdominal pain. As a result, the charge

nurse on duty told Plaintiff to go to the emergency room. Plaintiff called Ms. Roberts at home and told her that she was experiencing abdominal pain and may need to go to the emergency room. Ms. Roberts told Plaintiff that if she felt she needed to go to the emergency room, she should leave work and do so. Plaintiff then left her shift and went to the emergency room at Central Maine Medical Center. Plaintiff received 7.5 hours of IV treatment and was diagnosed with constipation and suspected gas pain. She was discharged from the emergency room that same night and was not admitted to the hospital. Upon discharge, Plaintiff was instructed to take milk of magnesia, increase her fiber intake, and follow up with her primary physician the next day. Plaintiff did not return to work that night, nor did she follow up with her physician the next day.

As a per diem employee, Plaintiff had no set schedule and was not guaranteed a minimum number of hours each week. Bolster prepares its staff work schedules two weeks in advance. Plaintiff's shift beginning Sunday, March 1, 2008, was the last shift for the two-week work period of February 17, 2008 through March 1, 2008. There is a dispute of fact as to whether the Plaintiff was scheduled to work during the weeks of March 2, 2008 and March 9, 2008. The Defendant contends that the Plaintiff was not placed on the schedule, while the Plaintiff contends that her name was originally on the schedule but that when she called in she was told she was not needed. (D.S.M.F. ¶ 17.)

After her emergency room visit Plaintiff called Bolster on several occasions to ask when she was going to be placed on the work schedule, and was repeatedly told that there were no hours available for her, and as a per diem employee there was no guarantee of hours. On or about March 14, 2008, Plaintiff was told that her employment with Bolster was terminated. Following her

2

termination, Plaintiff applied for and received unemployment benefits from the State of Maine. In response to an inquiry from the Bureau of Unemployment Compensation, Bolster reported that the reason for Plaintiff's termination was lack of hours. However, in response to Plaintiff's request, through her attorney, for a written reason why she was terminated pursuant to 26 M.R.S.A. § 630 (2009), Bolster responded that she was "terminated for performance that did not meet our standards." In support of this, Roberts contends that on at least one occasion she and a co-worker verbally counseled Plaintiff about complaints received from residents regarding the quality of Plaintiff's care. (D.S.M.F. ¶ 4.) Plaintiff denies the statement on the basis that there is no record of such discussions in Plaintiff's personnel file. (P.O.S.M.F. ¶ 4.)

Plaintiff argues that her defamation claim is valid because one could infer that since the Defendant made a poor performance statement to her, it is likely that it made similar to statements to third parties, which may have caused her struggle to secure similar employment since her termination. Bolster denies ever making any such statements, and in fact has a policy where only the dates of employment are given in response to inquiries from prospective employers about former employees. Plaintiff admits that she was not forced to self-publish any alleged defamatory statements to third parties.

Plaintiff claims she is entitled to MFMLA protections because she suffered from a serious health condition that required continuing medical treatment. As evidence of her treatment, Plaintiff notes that she saw Kristin Schroeder, N.P., for a routine follow-up for pain associated with a 2005 right knee injury on March 14, 2008. While there Schroeder noted the Plaintiff's constipation problem and her emergency room visit 2 weeks prior. Plaintiff saw Schroeder again on April

3

17, 2008 regarding her knee injury. Again, Schroeder noted that the Plaintiff was to continue with Miralax and Senna to treat her constipation. Plaintiff also states that she has been taking Miralax continuously since April 2008, and has received ongoing treatment for her constipation problems. The Defendant, however, disputes this allegation and claims the Plaintiff has produced no medical evidence that she received treatment or prescriptions between April 17, 2008 and March 20, 2009. (P.A.S.M.F. ¶ ¶ 9, 13, 14.) The Defendant also argues that beyond informing Ms. Roberts that she may need to go to the emergency room on March 1, 2008, the Plaintiff never gave notice to Bolster of any alleged need for family medical leave.

Plaintiff's controlling complaint contains three counts: (Count I) violation of the MFMLA for employment termination due to missing work because of a serious health condition; (Count II) Defamation for reporting to third parties that her job performance was "sub-par;" and (Count III) Violation of Maine wage and hour laws pursuant to 26 M.R.S.A. §§ 621-A and 626.[1] The Defendant answered, generally denying the claims. On May 3, 2010, the Defendant filed the disputed motion for summary judgment that is currently before the court.

DISCUSSION

I.    Summary Judgment Standard.

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. "Summary judgment is warranted when the statement of material facts and pleadings, depositions, answers to interrogatories, admissions on file,

---

[1] Count III is not subject to the motion currently before the court.

4

and affidavits, if any, cited in the statement of material facts establish that there is no genuine issue of material fact and that a party is entitled to a judgment as a matter of law." *Darling's v. Ford Motor Co.*, 2003 ME 21, ¶4, 817 A.2d 877, 879 (citing M. R. Civ. P. 56(c), (h)). A party wishing to avoid summary judgment must present a prima facie case for the claim or defense that is asserted. *Reliance National Indemnity v. Knowles Industrial Services*, 2005 ME 29, ¶ 9, 868 A.2d 220, 224-25.

A genuine issue is raised "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A material fact is one that has "the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. "If material facts are disputed, the dispute must be resolved through fact-finding." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 21-22. At this stage, the facts are reviewed "in the light most favorable to the nonmoving party." *Lightfoot v. Sch. Admin. Dist. No. 35*, 2003 ME 24, ¶ 6, 816 A.2d 63, 65.

II.     Maine FMLA

Plaintiff claims she was terminated in violation of the MFMLA. The Defendant claims that the Plaintiff did not qualify for family medical leave because she did not suffer from a "serious health condition" as contemplated by the Act, she was not terminated because of any alleged health condition, and she failed to give the required notice of her alleged need for leave.

The MFMLA states that "'[f]amily medical leave' means leave requested by an employee for . . . [a s]erious health condition." 26 M.R.S.A. § 843(4). "'Serious health condition' means an illness, injury, impairment or physical or mental condition that involves: A. Inpatient care in a hospital, hospice or

5

residential medical care facility; or B. Continuing treatment by a health care provider." 26 M.R.S.A. § 843 (6). In order to obtain family medical leave an "employee must give at least 30 days' notice of the intended date upon which family medical leave will commence and terminate, unless prevented by medical emergency from giving that notice." 26 M.R.S.A. § 844 (1)(A).

As there is little Maine law on point, the court can "look to analogous federal statutes, regulations, and case law for guidance" in interpreting the MFMLA. *See Gordon v. Maine Cent. R.R.*, 657 A.2d 785, 786 (Me. 1995). The United States Department of Labor defines a serious health condition involving continuing treatment by a health care provider as the following:

(a) Incapacity and treatment. A period of incapacity of more than three consecutive, full calendar days, . . .

(b) Pregnancy or prenatal care. . . .

(c) Chronic conditions. Any period of incapacity or treatment for such incapacity due to a chronic serious health condition. A chronic serious health condition is one which:

(1) Requires periodic visits (defined as at least twice a year) for treatment by a health care provider . . .;
(2) Continues over an extended period of time (including recurring episodes of a single underlying condition); and
(3) May cause episodic rather than a continuing period of incapacity (e.g., asthma, diabetes, epilepsy, etc.).

(d) Permanent or long-term conditions. A period of incapacity which is permanent or long-term due to a condition for which treatment may not be effective . . .

(e) Conditions requiring multiple treatments. Any period of absence to receive multiple treatments (including any period of recovery therefrom) by a health care provider or by a provider of health care services under orders of, or on referral by, a health care provider . . . .

29 CFR 825.115 (2009).

The federal regulations also provide guidance in interpreting the notice provision of the federal FMLA in its statement that "[w]hen the approximate timing of the need for leave is not foreseeable, an employee must provide notice to the employer as soon as practicable under the facts and circumstances of the particular case," but "the employee need not explicitly assert rights under the FMLA or even mention the FMLA" to require the employer to determine whether leave is covered by the FMLA. 29 C.F.R. § 825.303(a) and (b) (2009). However, in interpreting the federal regulations, the Eighth Circuit has noted:

> Because a serious health condition is a prerequisite for FMLA leave, an employee must provide information to the employer to suggest that his health condition could be serious. The employer must be made aware that the absence is due to a serious illness so the employer can distinguish it from ordinary "sick-days," or even malingering, as a type of unusual and privileged absence. To hold otherwise would create an unreasonable burden for employers, requiring them to investigate virtually every absence to ensure that it does not qualify for FMLA leave.

*Rask v. Fresenius Med. Care N. America*, 509 F.3d 466, 471-72 (8th Cir. 2007) (internal citations and quotations omitted).

The court finds that the Plaintiff has failed to establish that she qualifies for MFMLA protections.[2]

First, the court concludes that the Plaintiff has not adequately alleged facts demonstrating that she has a "serious health condition" as defined by the Act. The Plaintiff's illness did not involve inpatient care, nor has she sufficiently alleged that she suffered from a serious health condition requiring continuing treatment by a health care provider. *See* 26 M.R.S.A. § 843(6). The Plaintiff's attempt to prove ongoing treatment for her abdominal pain by bootstrapping it

---

[2] The court notes that although there are credibility issues with both parties, specifically regarding whether the Plaintiff was ever verbally disciplined and why she was terminated, they are not material or relevant to this motion for summary judgment.

7

to her already scheduled knee appointments does not establish her claim. Ms. Schroeder made only limited references to the Plaintiff's constipation problem in the March 14, 2008 and April 17, 2008 visit notes. Plaintiff's only other evidence[3] of continuing medical treatment is a reference to a Miralax prescription medication, which the court concludes is not tantamount to "continuing treatment by a health care provider." In addition, the Plaintiff's condition does not fall within any of the categories provided by the federal regulations defining "continuing medical treatment." *See* 29 CFR 825.115 (2009). She was not incapacitated for three days or for an extended period of time as evidenced by the fact that she requested to return to work immediately, nor has she alleged that she suffers from a long-term condition or one that requires multiple treatments. *See e.g. Bauer v. Varity Dayton-Walther Corp.*, 118 F.3d 1109, 1112 (6th Cir. 1997) (finding that Plaintiff's claim was not a "serious health condition" as defined by the FMLA).

The court also finds that even if the Plaintiff were able to demonstrate that she suffered from a serious health condition covered by the Act, the Plaintiff did not give the Defendant the required notice to obtain the Act's protections. Although Plaintiff was not required to give the Defendant 30 days advance notice of her claim as it was a medical emergency requiring an emergency room visit, the Plaintiff still had a duty to provide Bolster with reasonable notice that she intended to use family medical leave. *See* 26 M.R.S.A. § 844(1)(A); *see also Rask*, 509 F.3d at 471-72. Calling Ms. Roberts and telling her that she may have to

---

[3] The Plaintiff's treatment by Dr. Buckberg for constipation and abdominal pain did not begin until November 2009. This treatment is too far in time to be considered continuing medical treatment from the March 1, 2008 emergency room incident. This also holds true for records relating to treatment on March 20, 2009—well over a year after the emergency room incident.

go to the emergency room for abdominal pain was simply not enough to put Bolster on notice. This is especially true considering the Plaintiff testified that she called Bolster on numerous occasions after her emergency room visit to find out when she was next scheduled for work. It is unreasonable to expect an employer to assume an employee expects to use family medical leave in this type of situation.

### III. Defamation

Defendant has also moved for summary judgment on the Plaintiff's defamation claim. Defamation requires a showing of a false and defamatory statement concerning another, an unprivileged publication to a third party, fault amounting at least to negligence on the part of the publisher, and actionability irrespective of special harm or the existence of special harm caused by the publication. *Cole v. Chandler*, 2000 ME 104, ¶ 5, 752 A.2d 1189, 1193; *Vahlsing Christnia Corp. v. Stanley*, 487 A.2d 264, 267 (Me. 1985).

The Plaintiff alleges that Bolster's statement to Plaintiff that she was "terminated for performance that did not meet our standards," "suggests that agents of Defendant may have made similar remarks to other third parties." (Pl.'s Opp'n to Def.'s Mot. Summ. J. at 6.) The Plaintiff asks the court to infer that because the Defendant made this statement to the Plaintiff it *may* be making the statement to other parties, which *may* be the reason Plaintiff has not been able to obtain employment. The court declines to make this inference, as it is tenuous at best. The Plaintiff has not alleged adequate facts to sustain her defamation claim; in fact she has not even provided evidence that a defamatory statement was made. The court not only concludes that summary judgment is warranted, but cautions counsel in bringing a claim such as this that is virtually meritless.

9

## CONCLUSION

The Plaintiff's motion for partial summary judgment is GRANTED.


The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).


DATED: 6/10/10

Carl O. Bradford,
Active Retired Justice

10

NICOLE SMART  - PLAINTIFF

Attorney for: NICOLE SMART
SONIA J BUCK  - RETAINED 07/21/2009
LINNELL CHOATE & WEBBER LLP
83 PLEASANT STREET
PO BOX 190
AUBURN ME 04212-0190


vs
CENTRAL MAINE LONG TERM CARE INC - DEFENDANT

Attorney for: CENTRAL MAINE LONG TERM CARE INC
MICHAEL POULIN  - RETAINED 08/03/2009
SKELTON TAINTOR & ABBOTT
95 MAIN STREET
PO BOX 3200
AUBURN ME 04212-3200

Attorney for: CENTRAL MAINE LONG TERM CARE INC
KELLY L TURNER  - RETAINED 01/05/2010
SKELTON TAINTOR & ABBOTT
95 MAIN STREET
PO BOX 3200
AUBURN ME 04212-3200

Filing Document: COMPLAINT                    Minor Case Type: OTHER STATUTORY ACTIONS
Filing Date: 07/21/2009

## Docket Events:
07/21/2009 FILING DOCUMENT - COMPLAINT FILED ON 07/21/2009

07/21/2009 Party(s):  NICOLE SMART
           ATTORNEY - RETAINED ENTERED ON 07/21/2009
           Plaintiff's Attorney: SONIA J BUCK

07/21/2009 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 07/21/2009

07/21/2009 Party(s):  CENTRAL MAINE LONG TERM CARE INC
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 07/21/2009
           THROUGH CAROL MORIN

07/21/2009 Party(s):  CENTRAL MAINE LONG TERM CARE INC
           SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 07/21/2009

07/23/2009 Party(s):  NICOLE SMART
           SUPPLEMENTAL FILING - AMENDED COMPLAINT FILED ON 07/23/2009

08/03/2009 Party(s):  CENTRAL MAINE LONG TERM CARE INC
           ATTORNEY - RETAINED ENTERED ON 08/03/2009
           Defendant's Attorney: MICHAEL POULIN

08/03/2009 Party(s):  CENTRAL MAINE LONG TERM CARE INC
           RESPONSIVE PLEADING - ANSWER & AFFIRMATIVE DEFENSE FILED ON 08/03/2009

TO AMENDED COMPLAINT

08/03/2009 ORDER - SCHEDULING ORDER ENTERED ON 08/03/2009
THOMAS E DELAHANTY II, JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT. COPIES TO
PARTIES/COUNSEL

08/03/2009 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 04/03/2010

08/03/2009 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 08/03/2009
THOMAS E DELAHANTY II, JUSTICE

10/05/2009 ADR - NOTICE OF ADR PROCESS/NEUTRAL FILED ON 10/02/2009
ADR IS SCHEDULED FOR 11/12/09 WITH SHARI BRODER, ESQ. AS MEDIATOR

11/19/2009 Party(s): NICOLE SMART
MOTION - MOTION TO AMEND PLEADING FILED ON 11/19/2009
WITH MEMORANDUM OF LAW, DRAFT ORDER,

11/20/2009 ORDER - REPORT OF ADR CONF/ORDER ENTERED ON 11/19/2009
ROBERT W CLIFFORD , ASSOCIATE JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT. COPIES TO
PARTIES/COUNSEL

11/20/2009 ORDER - REPORT OF ADR CONF/ORDER UNRESOLVED ON 11/19/2009
ROBERT W CLIFFORD , ASSOCIATE JUSTICE

12/28/2009 Party(s): NICOLE SMART
MOTION - MOTION TO AMEND PLEADING GRANTED ON 12/24/2009
THOMAS E DELAHANTY II, JUSTICE
COPIES TO PARTIES/COUNSEL

01/05/2010 Party(s): CENTRAL MAINE LONG TERM CARE INC
RESPONSIVE PLEADING - ANSWER TO AMENDED PLEADING FILED ON 01/05/2010
TO SECOND AMENDED COMPLAINT

04/15/2010 Party(s): NICOLE SMART
OTHER FILING - WITNESS & EXHIBIT LIST FILED ON 04/14/2010

04/15/2010 OTHER FILING - STATEMENT OF TIME FOR TRIAL FILED ON 04/14/2010

04/15/2010 Party(s): CENTRAL MAINE LONG TERM CARE INC
DISCOVERY FILING - RULE 26(G) LETTER FILED ON 04/15/2010
DEF'S

04/21/2010 Party(s): CENTRAL MAINE LONG TERM CARE INC
OTHER FILING - WITNESS & EXHIBIT LIST FILED ON 04/20/2010
DEF'S

04/21/2010 ORDER - ORDER COMPEL INTERROG/DOCUMENT ENTERED ON 04/21/2010
THOMAS E DELAHANTY II, JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT. COPIES TO
PARTIES/COUNSEL

04/23/2010 Party(s): NICOLE SMART
            LETTER - FROM PARTY FILED ON 04/21/2010
            REQUEST FOR SETTLEMENT CONFERENCE. REQUEST SENT TO TINA 4-23-10


05/04/2010 Party(s): CENTRAL MAINE LONG TERM CARE INC
            MOTION - MOTION SUMMARY JUDGMENT FILED ON 05/03/2010
            WITH MEMORANDUM OF LAW, DRAFT ORDER, NOTICE OF HEARING          REC'D ON
            5/20/10 PLT'S OPPOSITION WITH OPPOSING STATEMENT OF FACTS & AFFIDAVIT OF NICOLE SMART
                                                  REC'D ON 5/27/10 DEF'S REPLY TO MOTION
            FOR S/J AND REPLY TO STATEMENT OF ADDITIONAL MATERIAL FACTS.


05/05/2010 ORDER - PRETRIAL/STATUS ENTERED ON 05/05/2010
            THOMAS E DELAHANTY II, JUSTICE
            ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT. COPIES TO
            PARTIES/COUNSEL


05/05/2010 TRIAL - JURY TRIAL SCHEDULED FOR 06/29/2010


05/17/2010 HEARING - SETTLEMENT CONFERENCE SCHEDULED FOR 06/15/2010
            CARL O BRADFORD , JUSTICE
            TO BE HELD AT CUMBERLAND COUNTY COURTHOUSE


05/17/2010 Party(s): CENTRAL MAINE LONG TERM CARE INC
            ATTORNEY - RETAINED ENTERED ON 01/05/2010
            Defendant's Attorney: KELLY L TURNER


05/20/2010 Party(s): NICOLE SMART
            MOTION - MOTION TO CONTINUE FILED ON 05/18/2010
            PLT'S MOTION TO CONTINUE TMC


05/21/2010 Party(s): NICOLE SMART
            MOTION - MOTION TO CONTINUE GRANTED ON 05/21/2010
            THOMAS E DELAHANTY II, JUSTICE
            TRIAL MANAGMENT CONFERENCE TO BE SET FOR 6/3/10 AT 10:30 A.M.


05/21/2010 HEARING - TRIAL MANAGEMENT CONFERENCE SCHEDULED FOR 06/03/2010 @ 10:30
            NOTICE TO PARTIES/COUNSEL


05/25/2010 HEARING - TRIAL MANAGEMENT CONFERENCE NOT HELD ON 05/25/2010
            THOMAS E DELAHANTY II, JUSTICE
            ORDER DATED 5/21/10 IS VACATED TMC TO BE SET AT CALL OF COURT IT WAS NOT SCHEDULED FOR
            6/8/10.


05/28/2010 HEARING - MOTION SUMMARY JUDGMENT SCHEDULED FOR 06/10/2010


05/28/2010 HEARING - MOTION SUMMARY JUDGMENT NOTICE SENT ON 05/28/2010


06/10/2010 HEARING - MOTION SUMMARY JUDGMENT HELD ON 06/10/2010
            CARL O BRADFORD , JUSTICE
            Defendant's Attorney: KELLY L TURNER
            Plaintiff's Attorney: SONIA J BUCK
            TAPE 357 INDEX 3334-4117

06/10/2010 Party(s):  CENTRAL MAINE LONG TERM CARE INC
          MOTION - MOTION SUMMARY JUDGMENT GRANTED ON 06/10/2010
          CARL O BRADFORD , JUSTICE
          PARTIAL SUMMARY JUDGMENT  COPIES TO PARTIES ON 6-10-10


A TRUE COPY
ATTEST:   _____
                    Clerk