1998 ME 277

**Norman TANGUAY**

v.

**Michael ASEN et al.**

Supreme Judicial Court of Maine.

Argued Nov. 30, 1998.
Decided Dec. 24, 1998.

Thomas F. Hallett, Portland, for plaintiff.

Ernest J. Babcock (orally), Tracy D. Hill, Friedman, Babcock & Gaythwaite, Portland, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, and ALEXANDER, JJ.

ALEXANDER, J.

[¶ 1] Norman Tanguay appeals from the entry of a summary judgment in favor of Michael Asen by the Superior Court (Cumberland County, *Saufley, J.*). Actions against other defendants have been resolved and are not before this Court.

[¶ 2] Michael Asen was the attorney for Norman Tanguay's former wife in post-divorce litigation regarding Norman Tanguay's refusal to pay child support and lack of contact with his daughter. In 1995, he filed an action against Asen, his ex-wife and her husband. The action included claims for: (i) abuse of process; (ii) intentional interference with parental relations; (iii) intentional infliction of emotional distress; (iv) negligent infliction of emotional distress; (v) defamation; and (vi) violation of constitutional rights.

[¶ 3] In May of 1996, the Superior Court entered a summary judgment for the defendants on all but one count involving Tanguay's ex-wife. That count was subsequently resolved.

[¶ 4] On appeal to this Court, Tanguay only challenges the Superior Court's actions regarding his claims for abuse of process, intentional infliction of emotional distress and defamation. We affirm.

■ [¶ 5] The elements of an abuse of process claim are that a defendant: (i) initiated or used a court document or process in a manner not proper in the regular conduct of proceedings, (ii) with the existence of an ulterior motive, and (iii) resulting in damage to the plaintiff. *Potter, Prescott, Jamieson & Nelson, P.A. v. Campbell,* 1998 ME 70, ¶ 7, 708 A.2d 283, 286; *Pepperell Trust Co. v. Mountain Heir Fin. Corp.,* 1998 ME 46, ¶ 14 n. 8, 708 A.2d 651, 655; *Kleinschmidt v. Morrow,* 642 A.2d 161, 164 (Me.1994). Regular use of process, such as filing a law suit, cannot constitute abuse, even if a decision to act or a decision not to act, was influenced by a wrongful motive. *Campbell,* 1998 ME 70,

¶ 7, 708 A.2d at 286; *Simon v. Navon,* 71 F.3d 9, 15–16 (1st Cir.1995).

■ [¶ 6] Here, there is no court document or initiation of court process that is alleged to have been used improperly. The Superior Court properly granted a summary judgment on the abuse of process claim.

■ [¶ 7] On the defamation claim, it appears that any specific defamatory statements asserted by Tanguay were made at a time outside the two year statute of limitations for defamation actions. 14 M.R.S.A. § 753 (Supp.1998). The Superior Court did not rule on this issue because it is possible that one of the asserted defamatory statements, a communication to the parties' child, could have occurred within two years of filing of the action. However, taking the limited evidence about this asserted statement most favorably to Tanguay, it would be within at least a qualified privilege of counsel to inquire and develop evidence relevant to the proceeding. *Cf. Dineen v. Daughan,* 381 A.2d 663, 664 (Me.1978) (recognizing absolute privilege for statements made in a motion filed with this court). Reaching this conclusion, the Court need not and does not decide whether the privilege of inquiry at issue here should be viewed as qualified or absolute.

■ [¶ 8] For the intentional infliction of emotional distress claim, Tanguay concedes that he has no direct evidence of interference by Asen with parental relations or other actions by Asen that would constitute direct evidence to support his claim. Rather, he asserts that he has enough circumstantial evidence to avoid a summary judgment, including his allegation that Asen aided and abetted his ex-wife in harming his relationship with his daughter. For evidence of this he points to Asen's assertion of an attorney/client privilege, M.R. Evid. 502, and urges that, from Asen's assertion of a privilege, an adverse inference may be drawn against Asen pursuant to M.R. Evid. 513.[1] In this he is mistaken.

---

1. RULE 513. CLAIM OF PRIVILEGE IN CIVIL CASES

　(a) **Comment or Inference Permitted.** The claim of a privilege by a party in a civil action or proceeding, whether·in the present proceeding or upon a prior occasion, is a proper subject of comment by judge or counsel. An appropriate inference may be drawn therefrom.

　(b) **Claim of Privilege by Nonparty Witness.** The claim of a privilege by a nonparty witness in a civil action or proceeding shall be governed by the provisions of Rule 512.

[¶ 9] Rule 513 allows the factfinder in a civil action to draw an adverse inference from the assertion of a personal privilege by the party the privilege is designed to protect. M.R. Evid. 513. The attorney/client privilege asserted by Asen is to protect his client's communications with him. It is not to protect him individually. The privilege is the client's which Asen had the authority to assert. M.R. Evid. 502(c); Field & Murray, *Maine Evidence* § 502.5 (4th ed.1997).

 [¶ 10] An adverse inference under Rule 513 may not be drawn against one, such as the attorney here, who asserts a privilege designed to protect communications between that person and another individual.

[¶ 11] The Superior Court properly granted a summary judgment on Tanguay's claims.

The entry is

Judgment affirmed.