**William R. GRACE, Plaintiff**

v.

**Jean A. YARNALL, Defendant**

**No. CIV.04–173–B–C.**

United States District Court, D. Maine.

Dec. 9, 2004.

---

Elliott L. Epstein, Isaacson and Raymond, P.A., Lewiston, ME, for William R Grace, Plaintiff.

Bernard J. Kubetz, Eaton Peabody, Bangor, ME, for Jean A Yarnall, Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

GENE CARTER, Senior District Judge.

Now before the Court is Plaintiff's Motion to Dismiss Counterclaim (Docket Item No. 5). Defendant filed his Response in Opposition (Docket Item No. 7). For the reasons set forth below, the Court will deny Defendant's Motion.

Plaintiff filed a Complaint in this case seeking, on various theories, several forms of relief from Defendant with respect to ownership, use and responsibility for maintenance of, an alleged easement appurtenant to a parcel of land owned by the Plaintiff, claiming the right to title, use, and a declaration of rights as between the parties in respect to a pier and a float or dock over which the easement allegedly lies. The suit was filed on the day before the scheduled closing of the sale by Defendant of the parcel to which the easement is appurtenant. Counterclaim, ¶ 6 at 4 (unnumbered). Plaintiff also filed a *lis pendens* in the Registry of Deeds in connection with the commencement of the suit. The pending sale of Defendant's property was to result in a conveyance of the property to the Plaintiff's sister. *Id.* ¶ 7, at 4. As a result of Plaintiff's suit the proposed purchaser of Defendant's property "balked and delayed closing," *id.*, the transaction. At a delayed closing a portion of the proceeds of sale have been withheld from Defendant as a result of Plaintiff's pending lawsuit. *Id.* ¶ 8, at 4. Defendant then alleges:

> On information and belief Counterclaim Defendant initiated a Complaint and legal process in a manner not proper in the regular conduct of legal proceedings in Maine, with a motive to injury Counterclaim Plaintiff by delaying and/or other compromising the sale of her property to Counterclaim Defendant's sister, Theresa Grace Sears.

*Id.* ¶ 9, at 4.

Defendant has now filed an Answer to the Complaint and the Counterclaim referred to hereinabove. The Plaintiff now seeks the dismissal of the Counterclaim under Fed.R.Civ.P. 12(b)(6) for failure to state a claim.

"In ruling on a motion to dismiss [under Rule 12(b)(6) ], a court must accept as true all the factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiff." *Alternative Ener-*

*gy, Inc. v. St. Paul Fire & Marine Ins. Co.,* 267 F.3d 30, 33 (1st Cir.2001). The Defendant is entitled to dismissal for failure to state a claim only if "it appears to a certainty that the plaintiff would be unable to recover under any set of facts." *State St. Bank & Trust Co. v. Denman Tire Corp.,* 240 F.3d 83, 87 (1st Cir.2001).

## DISCUSSION

The gist of the Plaintiff's theory of dismissal of the Counterclaim is that under Maine law the "regular use of process, such as filing a lawsuit cannot constitute abuse [of process] even if a decision to act or a decision not to act, was influenced by a wrongful motive." (quoting *Tanguay v. Asen,* 722 A.2d 49, 50 (Me.1978) and citing other cases). Plaintiff's Memorandum in Support of Plaintiff's Motion to Dismiss Counterclaim (Docket Item No. 5) at 1–2. Plaintiff thus focusses on the distinction between utilizing a legal process for a purpose for which it is intended in the regular course of things and using the process for a purpose not contemplated as an intended purpose or use of the regularly issued process or writ. Here, Plaintiff says the present action was regularly commenced for the purpose of obtaining an adjudication on the parties' respective rights to the easement in question. The Defendant, on the other hand, has alleged, reading the Counterclaim language in the light most favorable to the Defendant, that the action was commenced with the motive of delaying and compromising the pending sale which was accomplished by the separate act of filing the *lis pendens* in the Registry of Deeds after commencing the lawsuit, a necessary predicate to obtaining the right to file the *lis pendens.*

The Maine law as to the precise definition of and essential elements of a claim for abuse of process is somewhat arcane and indistinct. The Maine Law Court has said that abuse of process is "the employment of a process in a manner not contemplated by the law." *Nadeau v. State,* 395 A.2d 107, 117 (Me.1978). The Court has said that the "[e]lements necessary to sustain such an action include: 1) a use of the process in a manner not proper in the regular conduct of the proceedings and, 2) the existence of an ulterior motive" *Id.* The Court has otherwise said abuse of process "is the malicious perversion of a regularly issued process whereby a result not lawfully or properly attainable under it is secured." *Lambert v. Breton,* 127 Me. 510, 144 A. 864, 866 (1929)(omitting citations). The Court said that "the test is, probably, whether the process has been used to accomplish some unlawful end, or to compel the Defendant to do some collateral thing which he could not legally be compelled to do." *Id.* The First Circuit Court of Appeals has commented on this aspect of Maine law saying, "The two basic elements of abusive process are a bad motive, and the use of a legal process for an improper, collateral objective." *Simon v. Navon,* 71 F.3d 9, 15 (1st Cir.1995). The Court said that such a claim may be made out, "if a Plaintiff can show an improper use of process for an immediate purpose other than that for which it was designed and intended." *Id.,* (omitting citations).

Applying these principles to the Counterclaim, the Court is satisfied that the Defendant has stated a claim for abuse of process. She has alleged the existence of the two elements of the claim: (1) bad motive to obtain an improper delay of her pending sale of the real estate and, (2) that the action was commenced to secure an improper objective (e.g. derailing the Defendant's pending sale of the real estate). The statement of claim may fairly be read to be that the Plaintiff commenced this action by the use of Summons and Complaint, not to set the judicial scene for obtaining a resolution of his stated claims

to the easement, pier and float, but rather for the bad purpose of laying a predicate to obtain and file the *lis pendens* in order to create an obstacle on the record to completion of the Defendant's pending sale. Clearly, if the Plaintiff can prove that state of facts, Plaintiff abused the process by filing the Complaint, serving the Summons and acting to achieve that purpose.

Accordingly, it is hereby **ORDERED** that Plaintiff's Motion to Dismiss be, and it is hereby **DENIED**.