STATE OF MAINE                                    SUPERIOR COURT
AROOSTOOK, ss.                                    CIVIL DIVISION
                                                  DOCKET NO. CV-2019-27

THOMAS G. SHEA                         )
                                       )
        Plaintiff,                     )
                                       )
                                       )
                                       )
                                       )      **ORDER ON MOTION TO DISMISS**
v.                                     )
                                       )
                                       )
BERNARD A. ESTEY, JR.,                 )
                                       )
                                       )
        Defendant.                     )

Before the Court is Defendant Bernard Estey's (hereinafter referred to as "Estey") Motion

to Dismiss all counts of Plaintiff's Complaint pursuant to M.R. Civ. P. 12(b)(6). On February 5,

2019, Plaintiff Thomas G. Shea filed a Complaint against Estey alleging the following four counts:

Count I (Wrongful Use of Civil Proceeding); Count II (Abuse of Process); Count III (Intentional

Infliction of Emotional Distress); and Count IV (Negligent Infliction of Emotional Distress). After

consideration of the pleadings and legal memoranda submitted by the parties, the Court finds as

follows.

## I. FACTUAL BACKGROUND

Shea alleges the following facts in his Complaint. During all times relevant to this matter,

Shea resided in Mapleton and Presque Isle, Maine, with his significant other, Ashley Caron Estey

(hereinafter referred to as "Ms. Caron"), and her two children, Logan Caron and Brooke Estey.

Estey is the father of Brooke Estey. Estey and Ms. Caron are divorced, and Ms. Caron was awarded

primary residence of Brooke Estey in a Divorce Judgment.

1

On or about August 8, 2018, Estey filed a complaint for protection from abuse on behalf of his daughter, Brooke Estey, seeking an *ex parte* temporary and permanent order for protection from abuse against Shea. Estey's complaint was based on alleged statements and disclosures made to Estey by Logan Caron and Brooke Estey. According to Estey, the children allegedly observed Shea use alcohol in a way that made him become verbally and physically abusive toward Ms. Caron. Estey alleged that these actions by Shea placed Brooke Estey in fear of physical harm and injury. The Court issued an *ex parte* temporary protection from abuse order on August 8, 2018, and set the matter for hearing on August 22, 2018. On August 15, 2018, Shea, through counsel, filed a motion to dissolve the *ex parte* temporary protection from abuse order with a supporting affidavit as required under the applicable statutes.

On August 22, 2018, the hearing of the matter was continued and the *ex parte* temporary order for protection from abuse was terminated and dissolved pursuant to an agreement between Estey and Shea. There was also a tentative and temporary agreement between Estey and Ms. Caron regarding the rights of contact between Estey and Brooke Estey in connection with a separate, post-judgment family matter between Estey and Ms. Caron.

On September 5, 2018, Estey, through counsel, filed a motion to reinstate the terminated and dissolved temporary order for protection from abuse after a dispute arose between Estey and Ms. Caron regarding the visitation rights of Estey. Two days later, Shea objected to the motion to reinstate on the grounds that there was no legal or factual basis for reinstating a terminated and dissolved temporary order for protection from abuse. By order, dated September 12, 2018, the Court denied Estey's motion to reinstate on the grounds pled by Shea.

The Court conducted a hearing on Estey's complaint for protection from abuse over two days on October 24 and December 20, 2018, at which Estey presented the testimony of Logan

2

Caron, Brooke Estey, Ashley Caron Estey, and himself. After Estey rested his case, Shea moved for a judgment as a matter of law pursuant to M.R. Civ. P. 50(d). The Court allowed Estey to be fully heard on the motion; took a recess to consider the motion and review the record of trial; and issued a decision from the bench granting Shea's motion and dismissing Estey's complaint for protection from abuse, dated December 20, 2018.

Before filing his complaint for protection from abuse against Shea, Estey had filed a complaint for protection from abuse against Ms. Caron on July 31, 2018, in which Estey made similar allegations of abuse against Shea. At that time, Estey sought an *ex parte* temporary and permanent order for protection from abuse against Ms. Caron, and sole parental rights and responsibilities of Brooke Estey. The Court denied Estey's request for an *ex parte* temporary order for protection from abuse; and scheduled the matter for hearing on August 9, 2018. On August 8, 2018, Estey voluntarily dismissed his complaint against Ms. Caron and failed to give her notice of the dismissal. Without notice of the dismissal, Ms. Caron, Ms. Caron's attorney, Shea, and Shea's attorney all prepared for trial and appeared on August 9, 2018.

While Estey's complaint for protection from abuse against Shea was pending, Shea was forced to move with Ms. Caron and her two children from his residence in Mapleton to a new resident in Presque Isle because Estey and some of Estey's family members were engaging in stalking and harassing actions at the Mapleton residence.

While Estey's complaint for protection from abuse against Shea was pending, Estey, and/or Estey's counsel acting on Estey's behalf, made statements about the effect of a temporary and/or a permanent order for protection from abuse on Shea's license to practice as a surgical assistant in the State of Maine, which statements Shea took to be serious threats against his license and livelihood.

3

Shea has incurred substantial damages, including but not limited to, legal fees and costs, lost wages and employment benefits, extreme stress and anxiety, and significant emotional distress because of Estey's actions in pursuing the complaint for protection from abuse, the motion to reinstate the terminated and dissolved temporary order for protection from abuse, and the complaint for protection from abuse against Ms. Caron.

## II. STANDARD OF REVIEW

When deciding a motion to dismiss pursuant to M.R. Civ. P. 12(b)(6), the complaint is viewed "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Ramsey v. Baxter Title Co.*, 2012 ME 113, ¶ 6, 54 A.3d 710. The court "consider[s] the facts in the complaint as if they were admitted." *Bonney v. Stephens Mem. Hosp.*, 2011 ME 46, ¶ 16, 17 A.3d 123, 127.[1] However, the court "is not bound to accept the complaint's legal conclusions." *Bowen v. Eastman*, 645 A.2d 5, 6 (Me. 1994) (citation omitted). Dismissal is warranted only when the court is satisfied that it is "beyond doubt that [the] plaintiff is entitled to no relief under any set of facts that might be proven in support of the claim." *Dragomir v. Spring Harbor Hosp.*, 2009 ME 51, ¶ 15, 970 A.2d 310 (citation omitted).

## III. DISCUSSION

### A. Count I (Wrongful Use of Civil Proceeding)

Estey moves to dismiss Count I on the grounds that "Plaintiff has plead an unbelievably vague and ambiguous allegation that does not conform with the law." (Mot. Dismiss. ¶ 33.) Estey

---

[1] As noted in Plaintiff's Reply, Estey included facts in his Motion to Dismiss that are outside of the Complaint. The Court is excluding those additional facts and considering only the facts and allegations contained within the Complaint. Therefore, this Motion to Dismiss is not being treated as one for summary judgment. *See* M.R. Civ. P 12(b) ("If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the matter shall be treated as one for summary judgment . . . .")

argues that "[i]t is abundantly clear from the Plaintiff's Complaint that he has not, nor can he, satisfy either of [the] first two prongs [of Wrongful Use of Civil Proceeding] . . . ." (*Id.* ¶ 38.)

To make out a claim for wrongful use of civil proceeding, Shea must allege facts sufficient to show the following, "(1) one initiates, continues, or procures civil proceedings without probable cause, (2) with a primary purpose other than that of securing the proper adjudication of the claim upon which the proceedings are based, and (3) the proceedings have terminated in favor of the person against whom they are brought." *Pepperell Trust Co. v. Mountain Heir Fin. Corp.*, 1998 ME 46, ¶ 17, 708 A.2d 651 (citing Restatement (Second) of Torts § 674). Here, the Court finds that Shea's Complaint, viewed most favorably to him, asserts facts that set out a cause of action for wrongful use of civil proceeding.

First, Shea alleges that Estey did not have probable cause or reasonable grounds to bring Estey's action. (Pl.'s Comp. ¶ 24). In wrongful use of civil proceedings cases, "'probable' cause' or 'reasonable grounds' for the action has been viewed as information sufficient to justify a person who is calm, and not governed by passion, prejudice, or lack or ordinary caution and care, in believing that there is a factual and legal basis for the action." *Saunders v. Tisher*, 2006 ME 94, ¶ 29, 902 A.2d 830. According to Shea, at the hearing held on December 20, 2018, the testimony of Estey's only witnesses, Logan Caron, Brooke Estey, and Ms. Caron did not credibly corroborate any of the allegations stated in Estey's complaint for protection from abuse, but instead evidenced several instances in which Estey engaged in abuse directed at Brooke Estey, Logan Caron, Ashley Caron Estey, and Shea. (*Id.* ¶ 13.)

Shea's Complaint further alleges that on August 22, 2018, the temporary order for protection from abuse was terminated and dissolved pursuant to an agreement between Estey and Plaintiff. (*Id.* ¶ 9.) However, on September 5, 2018, Estey filed a motion to reinstate the terminated

5

and dissolved temporary order for protection from abuse, after a dispute arose between Estey and Ms. Caron regarding visitation. (*Id.* ¶ 10.)

The Court finds that these allegations, viewed in Shea's favor, could show that Estey was not calm and was instead governed by passion or prejudice in believing he had a factual and legal basis to file a complaint for a temporary and permanent protection from abuse against Shea and in filing the motion to reinstate. Therefore, the Court finds that Shea has alleged facts as to element one of Count I.

Second, Shea also alleges that "Defendant proceeded with the civil proceeding against Shea with a primary purpose other than that of securing the proper adjudication of the claim or claims upon which the proceedings were based." (*Id.* ¶ 25.) Here, the facts alleged in the Complaint, viewed in Shea's favor, are sufficient to support element two of Count I. First, as outlined above the facts could show that Estey was acting by passion or prejudice in filing his complaint. Additionally, Shea alleges that Estey was engaging in stalking and harassing actions while his complaint was pending. (*Id.* ¶ 20.) The Court finds that these facts, viewed in Shea's favor, could establish that Estey's purpose in filing both the complaint seeking an *ex parte* temporary and a permanent order for protection from abuse and the motion to reinstate was motivated by a goal other than a genuine concern for the welfare of Brooke Estey. Therefore, the Court finds that Shea has alleged facts as to element two of Count I.

Third, the facts alleged in the Complaint, viewed in Plaintiff's favor, are sufficient to show that the proceedings have terminated in favor of Plaintiff Thomas Shea. The Law Court has held the following in regards to element three of wrongful use of civil proceeding:

> Favorable termination of the offending proceeding is an essential element of the claim. The issue of what constitutes termination of a proceeding is a question of law. Termination in favor of the claimant may occur upon the favorable

6

adjudication of the claim by a competent tribunal, the withdrawal of the claim by the initial litigant, or the dismissal of the claim.

*Pepperell Trust Co.*, 1998 ME 46, ¶ 18, 708 A.2d 651 (internal citations omitted).

Shea's Complaint alleges that Estey's complaint for an *ex parte* temporary order for protection from abuse was terminated and dissolved on August 22, 2018, pursuant to an agreement between Shea and Estey. (Pl.'s Comp. ¶ 9.) Furthermore, the Complaint alleges that Estey's complaint for a permanent protection from abuse was terminated by court decision on December 20, 2018. (Pl.'s Comp. ¶ 15.) Therefore, the Court finds that Shea has alleged facts as to the third element of Count I. Consequently, for the aforementioned reasons, the Court finds that the facts alleged in Shea's Complaint, if established, support a claim for wrongful use of civil proceeding.

**B. Count II (Abuse of Process)**

In his Motion to Dismiss Count II, Estey argues that there is no legal basis for Shea's claim alleging Count II (Abuse of Process). (Mot. Dismiss ¶ 39.) In response, Shea argues that "Defendant's filing of a motion to reinstate a terminated and dissolved temporary order for protection without any legal or procedural basis for doing so (as was found by the presiding Judge, and as is alleged in Plaintiff's Complaint) involved the initiation or use of court documents and process in a way that was not proper in the regular course of the proceedings with a motive to injure or delay Plaintiff." (Pl.'s Opp. 4; *see* Comp. ¶ 29.)

In Maine, "Two elements are required to sustain a claim for abuse of process: (1) 'the use of process in a manner improper in the regular conduct of the proceeding,' and (2) 'the existence of an ulterior motive.'" *Advance Constr. Corp. v. Pilecki*, 2006 ME 84, ¶ 23, 901 A.2d 189 (quoting *Potter, Prescott, Jamieson & Nelson, P.A. v. Campbell*, 1998 ME 70, ¶ 7, 708 A.2d 283). "Regular use of process, such as filing a law suit, cannot constitute abuse, even if a decision to act or a decision not to act, was influenced by a wrongful motive." *Tanguay v. Asen*, 1998 ME 277, ¶ 5,

7

722 A.2d 49; *see e.g. Simon v. Navon,* 71 F.3d 9 (1st Cir. 1995) (holding that under Maine law the filing of a complaint alone cannot be the basis for an abuse of process). "The test is, probably, whether the process has been used to accomplish some unlawful end, or to compel the defendant to do some collateral thing which he could not legally be compelled to do." *Lambert v. Breton,* 127 Me. 510, 514, 144 A. 864, 866 (1929).

Abuse of process is closely related to wrongful use of civil proceeding, "[i]t differs . . . in that 'it lies for the improper use of process after it has been issued, not for maliciously causing process to issue.'" *Nadeau v. State,* 395 A.2d 107, 117 (Me. 1978) (quoting *Lambert v. Breton,* 127 Me. 510, 144 A. 864, 866 (1929)). "In contrast to a claim of wrongful use of civil proceedings which lies where there is no basis for an entire claim, abuse of process 'covers the allegedly improper use of individual legal procedures after a suit has been filed properly. Typical abuse of process cases involve misuse of such procedures as discovery, subpoenas, and attachment.'" *Pepperell Trust Co. v. Mountain Heir Fin. Corp.,* 1998 ME 46, ¶ 16 n.8, 708 A.2d 651 (quoting *Simon,* 71 F.3d 9, 15 (1st Cir. 1995)).

As noted, "abuse of process covers the allegedly improper use of individual legal procedures *after* a suit has been filed properly." *Simon,* 71 F.3d 9, 15 (1st Cir. 1995) (emphasis in original). In *Simon,* the First Circuit cited a few cases that construe the meaning of "process" as it pertains to the abuse of process tort. *Id. See Twyford v. Twyford,* 63 Cal. App. 3d 916, 923 (Cal. Ct. App. 1995) ("[A] request for admission is technically not a discovery device, but rather a means for eliminating undisputed matters from the necessity for trial, it is nevertheless capable of being abused in the same way as interrogatories and depositions, and therefore can form the basis for an abuse of process action.") (citation omitted); *Board of Education v. Famingdale Classroom Teachers Asso.,* 38 N.Y.2d 397, 400 (N.Y. 2975) ("an allegation that defendants subpoenaed 87

8

persons with full knowledge that they all could not and would not testify and that this was done maliciously with the intent to injure and to harass plaintiff spells out an abuse of process."); *Saliem v. Glovsky*, 132 Me. 402, 406-08, 172 A. 4, 7 (1934) (finding that it was unlawful process when "[t]he attachment was grossly excessive.").

The legal procedure at issue is the filing of a motion to reinstate the dissolved temporary protection from abuse order. The Court finds that a motion to reinstate is not the type of process that requires or compels another party to act, such as, discovery, subpoenas, and attachment. Additionally, the Court recognizes the motion to reinstate was filed *after* the initial suit had been filed, however, the presumable purpose of the motion to reinstate was an attempt to resurrect a terminated action. The alleged malicious use of a motion to reinstate is more appropriately analyzed under the tort of Wrong Use of Civil Proceeding. Therefore, Count II (Abuse of Process) is dismissed and the Court considers the motion to reinstate and the surrounding facts alleged in the Complaint as part of Count I.

**C. Count III (Intentional Infliction of Emotional Distress)**

In his Motion to Dismiss Count III, Estey argues that "Plaintiff has failed to plead an allegation that has any basis in law and which fails to state a claim." (Mot. Dismiss ¶ 44.) To set out a claim for intentional infliction of emotional distress, Shea must have alleged facts as to the following elements:

> (1) the defendant engaged in intentional or reckless conduct that inflicted serious emotional distress or would be substantially certain to result in serious emotional distress; (2) the defendant's conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable; and (3) the plaintiff suffered serious emotional distress as a result of the defendant's conduct.

*Botka v. S.C. Noyes, Inc.*, 2003 ME 128, ¶ 17, 834 A.2d 947, 952 (citations omitted).

9

Accepting as true Shea's allegations that Estey's conduct was intentional or reckless and that Shea suffered serious emotional distress, the issue becomes whether the Complaint alleges extreme and outrageous conduct. Shea alleges that he was forced to move with Ms. Caron and her two children because Estey was engaging in stalking and harassing actions. Shea also alleges that Estey, through counsel, made statements about the effect of the pending protection from abuse matters on Shea's surgical assistance license which Shea took as a serious threat to his professional license and livelihood. Consistent with the M.R. Civ. P. 12(b)(6) standard, Shea has stated sufficient facts in the body of the Complaint that, viewed in his favor, could entitle him to relief on a theory of intentional infliction of emotional distress.

**D. Count IV (Negligent Infliction of Emotional Distress).**

In Count IV, Shea alleges that "Defendant acted negligently and engaged in other tortious conduct as set forth in th[e] Complaint." (Comp. ¶ 38.) Estey argues that Shea failed to state a claim for NIED because Shea has not alleged Estey owed plaintiff a duty or that there was a special relationship. (Mot. Dismiss ¶ 54.) Estey also argues that an underlying tort is no longer required to bring an NIED claim and that Shea must demonstrated Estey owed and breached a duty of care. (*Id.* ¶ 59.)

A claim of negligent infliction of emotional distress (NIED) is more limited than its intentional counterpart. *Curtis v. Porter*, 2001 ME 158, ¶ 17, 784 A.2d 18. To prevail on a claim for negligent infliction of emotion distress, a plaintiff must show "(1) the defendant owed a duty to the plaintiff; (2) the defendant breached that duty; (3) the plaintiff was harmed; and (4) the breach caused the plaintiff's harm." *Id.* ¶ 18. An NIED duty arises in two instances: "first, in claims commonly referred to as bystander liability actions; and second, in circumstances in which a special relationship exists between the actor and the person emotionally harmed." *Id.* ¶ 19. A NIED

10

claim "may lie when the wrong doer has committed another tort . . . . However . . . when the separate tort at issue allows a plaintiff to recover for emotional suffering, the claim for [NIED] is usually subsumed in any award entered on the separate tort." *Id.* The torts of wrongful use of civil proceeding and abuse of process allow recovery for emotional suffering. *See* Simmons, Zillman & Gregory, *Maine Tort Law* § 3.06 (2004 ed.) ("The Supreme Judicial Court's listing of damages for an abuse of process generally coincides with the *Restatement (Second) of Torts* discussion of damages in . . . wrongful use of civil proceedings . . . . These sections allow . . . damages for emotional distress . . . ."); Restatement (Second) of Torts § 681 ("plaintiff is entitled to recover for . . . any distress which is caused by the proceedings.").

In the present case, Shea has not alleged bystander liability or the existence of any special relationship. Instead, Shea has alleged that NIED arises because Estey has committed another tort. Wrongful use of civil proceeding allows for the recovery of emotional suffering. Consequently, Plaintiff's NIED claim is subsumed within Count I. Therefore, Shea's claim for NIED is dismissed.

### E. Litigation Privilege

Estey argues that he "acted within the parameters of his litigation privilege and must, therefore, be immune from lawsuit for merely exercising his legal right to seek protection for his daughter when he had a good faith basis for believing that there was a serious risk of harm/abuse that she was facing." (Mot. Dismiss ¶ 31.)

Estey is correct that his statements are privileged to the extent they were made in pleadings regarding his complaint for protection from abuse. *See Dineen v. Daughan*, 381 A.2d 663 (Me. 1978) (allegedly false statements made in pleadings absolutely privileged); *Garing v. Fraser*, 76 Me. 37, 42 (1884) ("public policy requires that witnesses shall not be restrained by the fear of being vexed by actions at the instance of those who are dissatisfied with their testimony . . . ."); *see*

11

*also* Simmons, Zillman & Gregory, *Maine Tort Law* § 13.18 (2004 ed.) ("Communications in judicial proceedings are absolutely immune when they have some reference to the proceedings. . . . The privilege applies to statements in pleadings. . . .").

However, Plaintiff's allegations are not based on the allegedly false statements Estey made in his complaint for protection from abuse or during court proceedings. Rather, Count I of Plaintiff's Complaint, alleging Estey initiated and maintained the protection from abuse proceedings against Plaintiff without a reasonable basis in fact, primarily for wrongful purposes, and which terminated in Shea's favor, properly states a claim for wrongful use of civil proceedings. Therefore, the privilege is not a defense to these claims.

The entry is:

    1. Defendant's M.R. Civ. P. 12(b)(6) motion to dismiss with respect to Count I (wrongful use of civil proceeding) of the Plaintiffs' Complaint is **DENIED.**

    2. Defendant's M.R. Civ. P. 12(b)(6) motion to dismiss with respect to Count II (abuse of process) of the Plaintiffs' Complaint is **GRANTED**

    3. Defendant's M.R. Civ. P. 12(b)(6) motion to dismiss with respect to Count III (IIED) of the Plaintiffs' Complaint is **DENIED.**

    4. Defendant's M.R. Civ. P. 12(b)(6) motion to dismiss with respect to Count IV (NIED) of the Plaintiffs' Complaint is **GRANTED**

    5. This order is incorporated into the docket by reference pursuant to M.R. Civ. P. 79(a).

In addition, the clerk is to schedule a phone conference with counsel to discuss further proceedings of the case and issuance of a scheduling order.

Date _____      _____
                                                         Justice, Maine Superior Court